HUGH RICE

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

1. PLEADING—*in criminal cases—indictment for selling liquor without license.* It is not necessary, in an indictment for selling liquor without a license, to give the name of the party to whom the liquor was sold, nor to aver that the name of the purchaser was to the jury unknown.

2. VENUE—*in criminal cases—must be proved.* Where the record brought to this court, on writ of error, in a criminal case, purports to contain all the evidence given on the trial below, it must appear affirmatively, from the evidence, that the offense charged was committed in the county alleged in the indictment. Otherwise a judgment of conviction will be reversed.

3. INSTRUCTIONS—*should be based on the evidence.* It is proper to refuse an instruction when there is no evidence on which to base it.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. S. L. RICHMOND, Judge, presiding.

The case is stated in the opinion of the Court.

Messrs. TIPTON and BENJAMIN, for the plaintiff in error, insisted that an indictment for selling liquor without a license, should allege to whom the liquor was sold, or that the name of the purchaser was unknown, citing *Com.* v. *Thurlow*, 24 Pick. 374; *State* v. *Walker*, 3 Harrington, 547; *State* v. *Steedman*, 8 Rich. (S. C.) 312; *State* v. *Jackson*, 4 Black. 49; *Blodget* v. *State*, 3 Ind. 403; *State* v. *Burgess*, 4 Ind. 606; *State* v. *Stuckey*, 2 Black. 289; *Neales* v. *State*, 10 Mo. 498; *Capritz* v. *State*, 1 Md. 569; *State* v. *Faucett*, 4 Dro. & Batt. 107; *State* v. *Wentworth*, 35 N. H. 442; *State* v. *Hitchings*, 5 Gray, 482.

Mr. CHARLES BLANCHARD, State's attorney, for the people, cited *Zarresseller* v. *The People*, 17 Ill. 101.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an indictment in the McLean Circuit Court against the plaintiff in error for selling spirituous liquors without a license, by a less quantity than one quart.

A motion to quash the indictment was overruled, and a trial was had on the plea of not guilty, and a verdict for the people. A motion for a new trial was entered by the defendant, which was overruled, to which the defendant excepted. A judgment was entered upon the verdict, to reverse which the defendant prosecutes this writ of error, and assigns for error that the name of the party to whom the liquor was sold, was not given in the indictment, nor was there any averment therein that the name of the purchaser was to the jury unknown ; and further, that there was no evidence that the offense was committed in the county of McLean.

Upon the first point, it was held by a majority of this court in *Cannady* v. *The People*, 17 Ill. 158, after a review of many authorities, that this averment was unnecessary.

Upon the other point, we think, the motion for a new trial should have been allowed, as it does not appear, from the testimony, all of which is preserved in the record, where the offense was committed ; it might have been in another State, for aught that is disclosed by the record.

The defendant asked the court to give this instruction to the jury, which the court refused :

"The court instructs the jury that if they believe, from the evidence, the defendant had a license to sell liquor, they will find the defendant not guilty."

This instruction was properly refused, for the reason there was no evidence on which to base it.

For refusing to set aside the verdict and grant a new trial, the judgment is reversed, and the cause remanded.

*Judgment reversed.*