Joseph Moore

*v.*

The People of the State of Illinois.

*Filed at Mt. Vernon June 19, 1894.*

1. Criminal law—*proof of the venue.* Without proof that the offense was committed in the county alleged in the indictment, a judgment of conviction will be reversed.

2. Where an indictment charges the commission of a rape in Madison county, proof that it was committed in Upper Alton, without showing in what county or State Upper Alton is situated, is not sufficient to warrant a conviction.

3. In a criminal prosecution it devolves upon the People to prove every material allegation of the indictment, and the charge that the crime was committed in a particular county is a material averment, and unless proved, no conviction can be had.

WRIT OF ERROR to the Circuit Court of Madison county; the Hon. B. R. BURROUGHS, Judge, presiding.

Mr. J. E. DUNNEGAN, for the plaintiff in error:

There is no evidence that the offense alleged was committed in Madison county or in the State of Illinois. This is a fatal error. *Sullivan* v. *People*, 114 Ill. 24; *Dougherty* v. *People*, 118 id. 160; *Rice* v. *People*, 38 id. 435; *Jackson* v. *People*, 40 id. 405; *Sattler* v. *People*, 59 id. 68.

It might be conceded that if it had been shown that the Upper Alton alluded to in the testimony of the witnesses was in the State of Illinois, then the court might know that it was also in Madison county, but as it is not shown to be in the State there is nothing at all whereby to locate it in Madison county, and the venue is not proved. Under this condition of the evidence the plaintiff in error should be awarded a new trial.

Mr. M. T. MOLONEY, Attorney General, and Mr. T. J. SCO-FIELD, and Mr. M. L. NEWELL, assistants, for the People.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an indictment against Joseph Moore for the crime of rape, alleged to have been committed on the person of Nellie Shannon, in Madison county, on the 25th day of February, 1893. On a trial before a jury the defendant was found guilty, and his term of imprisonment fixed at six years in the penitentiary. The court overruled a motion for a new trial and rendered judgment on the verdict. Several alleged errors are relied upon to reverse the judgment, but in the view we take of the record it will only be necessary to consider one of them.

It is averred in the indictment that the offense was committed in Madison county. This was a material averment, and unless it was proven by the evidence introduced on the

trial that the offense was committed in the county alleged in the indictment, the judgment will have to be reversed. (*Rice* v. *The People*, 38 Ill. 435; *Jackson* v. *The People*, 40 id. 405; *Sattler* v. *The People*, 59 id. 68; *Dougherty* v. *The People*, 118 id. 163.) It was proven on the trial that the crime was committed in Upper Alton, and this was the only evidence introduced to prove the venue. In *Sullivan* v. *The People*, 114 Ill. 26, where the indictment charged that the offense was committed in Peoria county, and the evidence showed that the crime was committed on Washington street, in Peoria, Illinois, we held that the venue was proven. But that case can not control here. Had the proof shown that the crime was committed in Upper Alton, Illinois, the case cited would be in point; but there was no evidence introduced to show in what State the offense was committed, or in what county or State Upper Alton is located, and in the absence of proof that Upper Alton was in the State of Illinois or in Madison county, the venue was not established by the evidence. For aught that appears there may be an Upper Alton in Iowa or Indiana, or some other State, and where the evidence merely shows that a crime was committed in Upper Alton, the jury have no means of knowing whether it was committed in this State or some other State. It devolved on the People to prove every material allegation of the indictment, and the charge in the indictment that the defendant committed the crime in Madison county, as said before, was a material averment, and unless proven, the jury were not authorized to return a verdict that the defendant was guilty.

As the verdict was not sustained by the evidence, the judgment will be reversed and the cause remanded.

*Judgment reversed.*