### John Angus et al. v. Backus, Thornton & Co.

1. COURTS—*Power Over Records After the Term.*—A court has no power, after the lapse of the term at which an appeal was dismissed, to amend, or add to the record by or from either affidavits of parties, or its own recollection of what occurred.

Order dismissing an appeal from a justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. W. IDES, Judge, presiding. Submitted at the March term, 1895. Affirmed. Opinion filed April 4, 1895.

ELLIS S. CHESBROUGH, attorney for appellants.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This cause was begun before a justice of the peace; judgment being there had against the defendants, they appealed to the Circuit Court; in that court on the 29th day of May, 1894, being at the May term, the record shows that the cause being called for trial, and the defendants failing to prosecute their appeal, the said appeal was dismissed.

Thereafter, on the 29th day of September, 1894, being at the September term of said court, the defendants appeared and moved to set aside the said dismissal; and then and there made to appear to said court, certain matters on account of which it is contended that said appeal was improperly dismissed. The Circuit Court refusing to set aside said dismissal, the defendants obtained, and have set forth in a bill of exceptions made on the 19th day of October, 1894, the matters and things presented to the court at the hearing of said motion to set aside such dismissal. Unfortunately for the contention of appellants, the Circuit Court had no power after the lapse of the term at which the appeal was dismissed, to amend or add to its record by or from either the affidavits of parties or its own recollection of what occurred during the May term. That term, the July and August terms, had passed, ere, by a bill of exceptions, first asked for at the September term and actually made at the October term, the court attempted to add to the record of this cause. It had then, as we have said, no power from recollection or affidavits to change its record.

The record of this cause presents no sufficient reason for setting aside the order of dismissal and final judgment entered at the May term. The refusal of the Circuit Court to set aside such dismissal is therefore affirmed.