## Warren Springer v. W. I. Maddock.

1. RECORDS—*Insufficient Certificates.*—A certificate of the clerk to the record which does not purport to be a true, perfect and complete transcript of the record in the case, but confines itself to that portion of the record which was prepared according to the præcipe filed in the office of the clerk, etc., is insufficient.

2. APPELLATE COURT PRACTICE—*When a Judgment will be Affirmed.*—A judgment brought before the Appellate Court and not affirmatively shown to be erroneous will be affirmed.

**Bill for an Accounting.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed June 3, 1895.

WILLIAM J. AMMEN, attorney for appellant.

S. W. NORTON, attorney for appellee; ST. JOHN, FRENCH & MERRIAM, of counsel.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

While it is true that at the beginning of the roll filed here as the record of this cause, from the Circuit Court, there is written a convening order, yet it comes to us with no authentication as being truly copied from the record of that court.

The certificate of the clerk is that the roll is a "complete transcript of the record prepared according to præcipe." That is not a certificate implying that it is a transcript of the whole record of the cause, but only of such record as is so prepared. Whatever is in the roll that the præcipe did not call for, is not embraced in the certificate.

If a record certified as complete was without a convening order, we would reverse the judgment. Swartzbaugh v. People, 35 Ill. 457.

If no such order was on the record itself in the Circuit Court, it would seem that a judgment would be void collaterally. Lawrence v. Fast, 20 Ill. 338.

But for the want of such order in a roll "prepared according to præcipe" we could not reverse, if the præcipe did not call for the order; and putting it in when it is not called for, and the certificate only authenticating what it called for, leaves the space which in this roll is occupied by what reads as a convening order, without authentication.

The præcipe here called for eight items—definitely described—of which the convening order is not one.

Perhaps we can not reasonably conjecture that anything else pertaining to a complete transcript is left out; but our authority to reverse a judgment of the Circuit Court does not rest upon any conjecture, however probable.

The brief of the appellee, filed March 15th, which at the time of this writing is nearly eleven weeks ago, specifically objected to the certificate, and yet nothing has been done to present to us an authenticated record. The opinion of this court that such certificate is insufficient has been

repeated at intervals for now upward of five years. At-
kinson v. Linden Steel Co., 35 Ill. App. 448; Tolman v.
Wheeler, 550±, Jan. 28, 1895.

We do not care to express our opinion about proceedings
not within our jurisdiction, and the order appealed from is
affirmed.

That is done upon the principle that any judgment brought
before us, and not affirmatively shown to be erroneous, must
be affirmed.