## William Hill v. Elma L. Hill.

1. PRESUMPTIONS—*In the Absence of a Complete Record.*—In the absence of what purports to be a complete record, the presumption exists, and must control, that the omitted parts of the record furnish sufficient grounds to support the decree.

2. AMENDMENTS—*Certificate of Evidence at a Subsequent Term.*—An amendment of a certificate of evidence incorporating evidence alleged to have been omitted from the original certificate, should not be allowed at a term subsequent to that at which the trial was had, unless there is something in the record to amend by.

3.  RECORDS—*When Insufficient to Warrant a Reversal.*—A transcript of a record certified pursuant to a præcipe signed by counsel, directing the clerk to insert certain papers, is not complete and is insufficient to justify the reversal of a judgment of a court of competent jurisdiction.

4.  EVIDENCE—*Direct and Cross-Examination—Controlling Weight.*— Where a complainant in a divorce case testified positively that she resided in Cook county at the time she began her suit, but on cross-examination, to the question, "Your home is in Lake county, where you lived with your husband?" she answered, "Yes," *it was held* that the affirmative answer to a question in such words was not to be given controlling weight as opposed to her direct testimony.

**Suit for Divorce and Alimony.**—Error to the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed March 31, 1896.

M. SALOMON, attorney for plaintiff in error.

The proceedings shall be had in the county where the complainant resides, but process may be directed to any county in the State. R. S., chapter 40, section 5; Davis v. Davis, 30 Ill. 180; Sommers v. Sommers, 16 Ill. App. 77; Spangler v. Spangler, 19 Ill. App. 28; Way v. Way, 64 Ill. 410.

The memorial paper or minute by which a record may be amended must be made and preserved as a part of the record pursuant to law. A private memorandum of a witness is not sufficient. Angus v. Backus, 58 Ill. App. 259; Dougherty v. People, 118 Ill. 164.

A. J. REDMOND, attorney for defendant in error; AVERY R. HAYES, of counsel.

Where one has been a resident of the State for one year, action for divorce may be brought in the county where the complainant resides, etc. Sec. 5, Divorce Act, R. S. Ill.

When a woman, for good cause, lives separate and apart from her husband because of the necessity of her separate and independent existence, thereafter her actual place of residence becomes her separate and legal domicile. Bowman v. Bowman, 24 Ill. App. 178; Chapman v. Chapman, 129 Ill. 389.

A resident of a place is one whose place of abode is there, and who has no present intention of removing therefrom. 21 Am. & Eng. Enc. of Law, 122.

It is largely a question of intention, and may be taken up or changed at will. Behrensmeyer v. Kreitz, 135 Ill. 635; Blankinship v. Israel, 132 Ill. 521.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

These proceedings, by writ of error, question a decree of divorce and alimony granted in favor of the defendant in error.

Although the plaintiff in error answered the bill, and appeared by counsel at the hearing, and cross-examined the defendant in error and her witnesses, he offered no evidence by way of defense.

It is especially insisted that it was not proved that defendant in error was a resident of Cook county, and therefore that the Circuit Court of that county was without jurisdiction.

The defendant in error testified positively that she resided in Chicago, Cook county, at the time she began her suit, and gave the name of the street on which she lived.

It is true that upon cross-examination she answered "Yes, sir," to a question put to her by her husband's solicitor, as follows: "Your home is in Lake county where you lived with your husband?" But we do not think an affirmative answer to a question in such words and form, ought to be given controlling weight, as opposed to her positive testimony. It is not disputed but that her home when living with her husband was in Lake county, and had been for ten or a dozen years, but we think it was sufficiently established that after she left her husband for his alleged and proved cruelties to her, she took up a legal residence in Cook county and resided there at the time her suit was begun.

The more serious question is that concerning the allowance of seven hundred dollars alimony in gross, that was made by the decree, and the question is made a serious one

because of the paucity of evidence upon the subject of the property and income possessed by the plaintiff in error, so far as the same is made to appear by the certificate of evidence that was brought before us by the transcript filed in this court in the first instance.

By a supplemental record in the nature of an amendment to the original certificate of evidence, the trial judge certifies to us that on the hearing of the cause before him upon the question of alimony, it was stated to him in open court by the respective solicitors of both parties that " there has been an agreement between solicitors for complainant and defendant that a gross sum of seven hundred (700) dollars should be allowed as alimony for complainant."

Such amendment to the original certificate of evidence was made at the February term, A. D. 1896, whereas the cause was heard and the decree entered at the November term, A. D. 1895, two terms of court having intervened between the decree and the amendment, and the point is made that upon the authority of Dougherty v. People, 118 Ill. 160, and Angus v. Backus, 58 Ill. App. 259, the amendment is not properly before us, because it does not appear that there was anything in the record from which the amendment was made, or could have been made.

We are relieved from deciding the point because of the condition in which the original record is certified to us.

The transcript originally certified to this court by the clerk of the Circuit Court is certified as being " a true, perfect and complete transcript of the record prepared according to praecipe filed January 16, 1896, except Exhibit ' A ' to answer."

The praecipe referred to in such certificate by the clerk is signed by counsel for plaintiff in error, and directs the clerk to prepare a transcript of the record of the case " and insert the following papers :

1st.  Bill.
2d.  Answer.
3d.  Certificate of evidence.
4th.  Decree."

It has been many times decided that a record so certified is not a complete one, and is insufficient to justify the reversal of the judgment of a court of competent jurisdiction. Springer v. Maddock, 59 Ill. App. 40; Tolman v. Wheeler, 57 Ill. 342, and cases there cited.

But looking back into the record to see what it is that by the certificate of the clerk is expressly excepted from his copy of the answer, we find, by an inspection of the answer, that Exhibit "A" therein referred to and stated as being attached to and made a part of the answer, is what is stated in the answer to have been an agreement "entered into between the parties as an adjustment of their property rights," and is what was alleged in the bill of complaint to be an agreement entered into between the parties settling their respective property rights, and which had been fraudulently procured by the plaintiff in error from the cashier of a certain bank, with whom it had been left by the parties to hold until plaintiff in error should pay a certain sum of money to the defendant in error.

Lengthy argument would not make it any plainer than the statement that has been made, that the paper filed, Exhibit "A," which is omitted from the record, may, quite probably—in fact, and in law must—be presumed to have afforded sufficient evidence to support that part of the decree concerning alimony.

It therefore becomes unnecessary to decide whether or not the supplemental or amended record is entitled to be considered by us, for the decree must be affirmed entirely irrespective of the fact thereby certified to us, upon the ground that, in the absence of what purports to be a complete record, the presumption exists, and must control, that the omitted parts of the record furnish sufficient grounds to support the decree.

The decree of the Circuit Court is therefore in all respects affirmed.