## The People of the State of Illinois, Defendant in Error, v. John A. Savage, Plaintiff in Error.

1. CRIMINAL LAW, § 62*—*when notice must be given.* A petition for change of venue was properly refused where no sufficient notice was given to the State's Attorney, as required by Rev. St. ch. 146, sec. 23 (J. & A. ¶ 11509).

2. CRIMINAL LAW, § 112*—*when proof of venue is essential.* The proof of the venue as laid in an indictment is as essential as the averment of it and must be made by the State as part of its case to warrant a conviction.

3. CRIMINAL LAW, § 109*—*what matters must be proved.* In a prosecution for selling liquor in the City of Mattoon, proof that the Town of Matoon was anti-saloon territory at the time charged was not proof that the city was anti-saloon territory, and although the court might judicially know that part of such city is in the Town of Mattoon and part of it is in the Town of Lafayette, it could not without proof judicially know in what part of the City of Mattoon was the place where the sales took place.

4. CRIMINAL LAW, § 595*—*when conviction will be reversed.* Failure to prove the venue in a prosecution for selling liquor in anti-saloon territory was reversible error.

Error to the City Court of Mattoon; the Hon. JOHN McNUTT, Judge, presiding. Heard in this court at the April term, 1920. Reversed and remanded. Opinion filed October 27, 1920.

T. N. COFER, for plaintiff in error.

EMERY ANDREWS, for defendant in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Plaintiff in error was indicted, tried, convicted and sentenced for selling intoxicating liquor in the City of Mattoon while that city was anti-saloon territory.

A petition of plaintiff in error for a change of venue from the judge of the city court of Mattoon was properly refused because the record shows no sufficient notice to the State's Attorney that such an application was to be made. Section 23, ch. 146, Rev. St. (J. & A. ¶ 11509).

The indictment originally contained four counts. One of those counts was quashed by the court on motion of plaintiff in error. The verdict of guilty in manner and form as charged in the indictment was not a conviction under the count that had been quashed and the record of the judgment correctly shows a conviction on but three counts of the indictment. Several references have been made to what the judge's docket shows transpired in this case. The judge's docket is no part of the record in this case. If the record does not follow the judge's notes it is within the power of the trial court to correct the record, but this court is, in the first instance, in no way concerning regarding any variance between the judge's docket entries and the record as written by the clerk.

The indictment charges that the sales of intoxicating liquors mentioned in it were made in the City of Mattoon, while it, the City of Mattoon, was anti-saloon territory. The proof of the venue as laid in the indictment is as essential as the averment of it and must be made by the State as a part of its case in order to warrant a conviction. *Moore v. People,* 150 Ill. 405; *Rice v. People,* 38 Ill. 435; *Sattler v. People,* 59 Ill. 68; *Dougherty v. People,* 118 Ill. 160.

There was no proof in this record that the City of Mattoon was anti-saloon territory at the time plaintiff in error is charged with selling intoxicating liquor there, or at any other time. There is proof that the *Town* of Mattoon was then anti-saloon territory, but

there is no proof that the City of Mattoon or any part of it is in the Town of Mattoon. While probably courts are authorized to take judicial notice of the boundaries of towns and cities and are bound to know that part of the City of Mattoon is in the Town of Mattoon and part of it is in the Town of Lafayette, they cannot without proof judicially know in which part of the City of Mattoon the place where the sales took place. There is ample proof that the sales charged were made and that they were made in the City of Mattoon, but there is no proof whether they were made in the Town of Mattoon or the Town of Lafayette or that the Town of Lafayette was then anti-saloon territory. It is extremely unfortunate that this judgment must be reversed and the cause retried for the reason that proof so easily obtainable and so absolutely necessary should have been omitted, but no other course is open to this court.

Other errors are complained of, but will likely not be repeated on a retrial of the cause and will therefore not be discussed. Because the venue was not proven the judgment is reversed and the cause is remanded for another trial.

*Reversed and remanded.*