CITY OF UNIVERSITY HEIGHTS *v.* CONLEY.

(No. 692-274—Decided June 10, 1969.)

Municipal Court of Shaker Heights.

*Mr. Arthur Fant*, for plaintiff.
*Mr. Edward R. Stege, Jr.*, for defendant.

ROCKER, J.   Primarily this case is concerned with the question as to whether an individual employed by a department store as a "store detective" for the purpose of apprehending persons who commit thefts of merchandise or equipment owned by the store is encumbered by the same constitutional requirements as a police officer or other government officer when making a search or seizure for the purpose of prosecution.

Julia Conley, the defendant, was observed by the store detective as said defendant removed from racks and counters two pairs of slacks and five to seven other articles of clothing.   Defendant took these various items into a fitting

room nearby ostensibly to try the articles on her person, but the store detective's suspicions were arounsed by manner in which the selections were made and the detective entered another fitting room a short distance away. From this vantage point, by lying on the floor, the detective was able to observe defendant's conduct to the extent that the wall of the fitting room permitted since this wall did not extend to the floor but had an open space at the bottom of about two feet in height.

The store detective clearly saw defendant bring her body down to a squatting position and while in such position she proceeded to roll up the articles of clothing into convenient size to hide them in her pelvic area. After observing defendant actually place some of the articles underneath her own clothing, the detective proceeded to defendant's fitting room and placed her under arrest.

There is no evidence to the effect that the store detective is other than a person privately employed, has no status whatsoever as a police official and was not acting in concert or under the direction of any police official.

As early as 1899, a United States Court of Appeals held in *Bacon* v. *United States*, 97 F. 35, that the Fourth Amendment referred only to restraints upon government officers and not to individuals. As recently as October 1967, a United States District Court in *United States* v. *American Radiator & Standard Sanitary Corp.*, 278 F. Supp. 241, held that where an employee, who was under indictment for embezzlement, stole tape recordings from the employer's offices and turned them over to federal authorities, such evidence could be used in a prosecution of the employer for violation of anti-trust laws.

*People* v. *Randazzo* (1963), 34 Calif. Rep. 65, is a case on all fours with the instant one. That court held that where a store detective made a search, not connected in any way with state law enforcement agencies, such evidence was admissible, although the same search made by a police officer would have been illegally made.

This court is satisfied from the testimony and evidence offered that the store detective in this was acting as an in-

dividual, an agent of her employer, to protect their property from theft. It is this court's opinion that in so doing she was not required to observe constitutional restrictions of either the Fourth or Fifth Amendments.

It is this court's opinion that an owner of property may use any reasonable means and reasonable force when necessary to protect himself and his property. Should the owner use means or force which is found to be unreasonable, he would incur liability for damages as well as possible prosecution criminally for assault and battery or other related offense. Such actions on the part of the owner would not, in this court's opinion, vitiate per se the evidence of crime adduced by such means or force.

It is further the opinion of this court that where one enters upon the property of another as an invitee or licensee, that person loses his status as an invitee or licensee and becomes a trespasser when it becomes evident that the purpose of such entry is to commit a criminal offense against the owner. Such a trespasser may not claim the right of privacy while he proceeds with his nefarious efforts.

*Motion denied.*