THE PEOPLE *ex rel.* JAMES DORSEY, Petitioner-Appellee, *v.* ERNEST MORRIS, Chief Administrative Officer, Joliet Correctional Center, *et al.,* Respondents-Appellants.

Third District   No. 76-181 (75-439)

———

Opinion filed May 12, 1976.

William J. Scott, Attorney General, of Chicago (James B. Zagel, Assistant Attorney General, and Edward N. Morris, of Illinois State's Attorneys Association, of counsel), for appellants.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:
Following consideration of the above cause, a preliminary opinion was filed affirming the trial court action. Thereafter, a petition for rehearing and an application for a certificate of importance was filed in this cause. By reason of the recent decision of the Illinois Supreme Court in *People v. Gilmore*, 63 Ill. 2d 23, it becomes necessary that we revise the opinion heretofore rendered in this cause. Accordingly, we are vacating that opinion, which has been heretofore issued, and the following opinion is rendered in this cause.

An appeal had been taken by the State from an order of the Circuit Court of Will County granting a petition for habeas corpus and ordering the petitioner, James Dorsey, discharged from custody on the ground that the underlying indictment was fatally defective.

Defendant Dorsey was convicted of grand theft by a Lee County jury and was sentenced to a prison term of from 3 to 9 years. The indictment in that case charged that Dorsey had:

"* * * knowingly obtained or exerted control over the property of George Buder and in so doing intended to deprive the owner permanently of the use or benefit of the property, said property being then and there of a value exceeding $150 * * *."

In the petition for habeas corpus, petitioner Dorsey argued that his indictment was fatally defective in that it failed to describe in any way the property alleged to be stolen. The trial court agreed and granted the petition as we have indicated.

The indictment accuses the petitioner of theft of "property" without further describing the property allegedly stolen. The State argues that the indictment is sufficient as it stands and, alternatively, the failure to more specifically describe the stolen property is a mere technical deficiency

which cannot now be raised in the habeas corpus proceeding. The position of the State is that the indictment charging defendant in the statutory language under modern rules of pleading is sufficient. It is argued, additionally, that broad discovery procedures are available to defendants to reveal to them the various specifics of the crime charged.

■■ A long-standing rule had been recognized in our courts that an indictment must set forth the nature and elements of the crime charged with reasonable particularity, otherwise it will be deemed fatally defective. (*People v. Grieco* (1970), 44 Ill. 2d 407, 409, 255 N.E.2d 897, *cert. denied*, 400 U.S. 825; *People ex rel. Ledford v. Brantley* (1970), 46 Ill. 2d 419, 421, 263 N.E.2d 27; Ill. Const. 1970, art. I, §8; Ill. Rev. Stat. 1973, ch. 38, §§111—3(a)(3) and 114—1(a)(8).) The purpose of the rule obviously had been to aid a defendant to fully prepare his defense, and to allow the court and jury to compare the evidence presented as against the charges brought. The judgment also was required to be of such character that could be pleaded in bar of any subsequent attempt to prosecute defendant again on the same charge. *People v. Pujoue* (1975), 61 Ill. 2d 335, 339, 335 N.E.2d 437; *People v. Griffin* (1967), 36 Ill. 2d 430, 432, 223 N.E.2d 158; 50 Am. Jur. 2d *Larceny* §124.

■■ In the cases which have been decided previously, a failure of an indictment to describe the property was occasionally described as a "fatal defect." It had been felt that the gist of the crime of theft is the taking of property and that an essential element of the crime, both by common law and by statute, was a description of the property allegedly taken to the extent known by the grand jury. It was then recognized that a description could be general but some definitive description was required if defendant was to be advised of the charges against him and be enabled to prepare his defense. As stated by the Illinois Supreme Court in *People v. Gilmore*, the language of the earlier decisions of the Illinois courts appeared to support the argument of the defendant in this case that the judgments would be void because the indictment failed to allege an offense so as to confer jurisdiction. The Illinois Supreme Court now says that this analysis was not sound and that jurisdiction is conferred by the provisions of section 9 of article VI of the Illinois Constitution which provides that circuit courts have "original jurisdiction of all justiciable matters." The court pointed out that the courts have jurisdiction of all cases involving offenses which fall within the Criminal Code of this State. The court in the *Gilmore* case also determined that the precise allegations which are required, may vary with the statutory provisions and the nature of the offense. The Illinois Supreme Court stated:

> "An examination of the statutory scheme shows clearly that failure to charge an offense does not * * * serve to deprive the circuit court of jurisdiction. On the contrary, the relevant statutes draw a

clear distinction between the absence of jurisdiction and the failure to state an offense." (63 Ill. 2d 23, 27.)

The court said that the appropriate test is whether the indictment was adequate to apprise the accused of the nature of the charge and to act as a bar to subsequent jeopardy. The court further specifically stated that testing the sufficiency of an indictment by whether or not it includes all the elements of the offense charge, is appropriate, if at all, only in pretrial motions pursuant to section 114—1 or motions in arrest of judgment pursuant to section 116—2 of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, §§114—1, 116—2). The court concluded that since the issue there was raised on appeal, the indictment should be determined to be satisfactory even though it omits certain basic elements. The court further stated that "the time when an indictment defined the limits of jeopardy has passed and a prior prosecution on the same facts may be proved by resort to the record." The court in the *Gilmore* case said resort to the record clearly shows that the offenses of which defendants were convicted were specifically identifiable and could be pleaded in bar of subsequent prosecutions.

Since the instant case is one where the issue is raised on habeas corpus, we conclude, on the basis of the *Gilmore* case, that the indictment was required to be evaluated under the *Gilmore* test. On that basis there is nothing in the record to suggest that the indictment was insufficient under such test and that, in fact, a review of the record of the trial proceedings would reveal that this was so, and that the trial proceedings would clearly establish circumstances which could be pleaded in bar of subsequent prosecutions for the offense charged and shown by the record.

We now conclude, on the basis of the *Gilmore* case that the indictment must be taken as sufficient on the basis of the record; that the sentencing court had jurisdiction; and that the habeas corpus petition was improperly granted by the Circuit Court of Will County.

For the reasons stated, the judgment of the Circuit Court of Will County is, therefore reversed. Petition for certificate of importance is denied.

Judgment reversed. Certificate of importance denied.

STOUDER and STENGEL, JJ., concur.