THE PEOPLE *ex rel.* ALAN E. VANCO, Petitioner-Appellee, *v.* ERNEST MORRIS, Warden, Illinois State Penitentiary at Joliet, *et al.*, Respondents-Appellants.

Third District   No. 76-179 (75-440)

Opinion filed May 12, 1976.

William J. Scott, Attorney General, of Chicago (Edward N. Morris, of Illinois State's Attorneys Association, of counsel), for appellants.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Following consideration of the above cause, a preliminary opinion was filed affirming the trial court action. Thereafter, a petition for rehearing and an application for a certificate of importance was filed in this cause. By reason of the recent decision of the Illinois Supreme Court in *People v. Gilmore*, 63 Ill. 2d 23, it becomes necessary that we revise the opinion heretofore rendered in this cause. Accordingly, we are vacating that opinion, which has been heretofore issued, and the following opinion is rendered in this cause.

An appeal had been taken by the State from an order of the Circuit Court of Will County granting a petition for habeas corpus and ordering the petitioner, Alan E. Vanco, discharged from custody on the ground that the underlying indictment was fatally defective.

Defendant Alan E. Vanco was convicted of felony theft in Kane County and sentenced to a term of from 2 to 6 years in the penitentiary. The indictment in such case charged that Vanco:

"* * * knowingly obtained control over stolen merchandise having a value exceeding $150, the property of Steinway Drug

Company, a corporation, either knowing that said property had been stolen by another or having obtained the same under circumstances that would reasonably induce him to believe that said property was stolen, with the intent to permanently deprive said owner of the use or benefit of said property * * *."

In this case, on petition for habeas corpus, the trial court agreed with the petitioner that the indictment was fatally defective in failing to describe the property adequately. The indictment accuses petitioner of obtaining control over "stolen merchandise." We have recently determined in *People ex rel. Dorsey v. Morris*, 37 Ill. App. 3d 632, that an indictment charging "theft of property" was sufficient and not fatally defective. Similarly, the charge of obtaining control of "stolen merchandise" does adequately inform a defendant of the specific charge. The determination of the trial court that such indictment was fatally defective was in error. We will not reiterate the reasons for our determination since they are all clearly set forth in the *People ex rel. Dorsey* case to which we have referred.

For the reasons stated in the *Dorsey* case, which are applicable in the instant case, we find that the trial court was in error in granting the petition for habeas corpus. This cause is, therefore, reversed.

Reversed.

STOUDER and STENGEL, JJ., concur.