THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES DORSEY, Defendant-Appellant.

Second District (1st Division)    No. 75-124

◼

Opinion filed August 27, 1976.

Ralph Ruebner and J. Daniel Stewart, both of State Appellate Defender's Office, of Elgin, for appellant.

Patrick E. Ward, State's Attorney, of Dixon (Edward N. Morris and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE HALLETT delivered the opinion of the court:

A Lee County jury found the defendant guilty of theft of property exceeding $150 in value and the court sentenced him to three to nine years in the penitentiary. On appeal, the defendant claims (1) that the indictment is not legally sufficient; (2) that he was not proved guilty beyond a reasonable doubt; and (3) that the sentence is excessive. We disagree and affirm the judgment.

The first witness for the State testified that he was the general manager of Woodhaven Lakes, a land development in Lee County, Illinois, and that on September 18, 1974, he hired the defendant as a real estate sales trainee. The defendant was temporarily provided with a jeep which belonged to another salesman and which he was to use on September 21 and September 22 while acquainting himself with the land project. He did not return the jeep until September 25 and his employment was terminated. The next day, he returned to the project and again took the jeep before the guard on the lot was advised that he was no longer authorized to use it.

Another State witness, Allen Beyer, testified that on October 2, 1974, he was working at an airport in Dubuque, Iowa, when the defendant offered to sell him the jeep in question for $1800. Beyer gave the defendant $20 and a tankful of gasoline so that the defendant could go "to Rockford to get the title" so the deal could be consummated. Before he could leave Dubuque, the defendant was arrested in the jeep and brought to trial for theft.

The defendant offered no evidence in his behalf, and the jury returned the guilty verdict from which he now appeals.

The defendant's first contention is that the indictment failed to charge a criminal offense because, among other things, it did not describe the property taken, and therefore was legally insufficient. It has come to our attention that this same defendant challenged his confinement in Will County in this same case by habeas corpus and was released, the court upholding the defendant's contention that the indictment was insufficient. We also note that the Appellate Court for the Third District,

in *People ex rel. Dorsey v. Morris* (May 12, 1976), 37 Ill. App. 3d 632, citing *People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456, subsequently reversed the trial court and held "that the indictment must be taken as sufficient on the basis of the record." The legal sufficiency of the indictment having already been determined by an appellate court of competent jurisdiction, we need not again rule on this issue. But, in any event, we reach the same result as our brethren in the Third District.

■■ The second argument made by the defendant is that the State failed to prove beyond a reasonable doubt each element of the crime of theft. Specifically, he contends that there was insufficient evidence to show either that the taking was unauthorized, or that he intended permanently to deprive the rightful owner of the use and the benefit of his property. The uncontradicted testimony of the Woodhaven Lakes general manager that defendant's status as an employee was terminated prior to the incident in question was clearly sufficient to support a finding that the taking was unauthorized.

In a prosecution for theft, the defendant's intent permanently to deprive the owner of the use and benefit of his property can be inferred from facts and circumstances surrounding the act. (*People v. Pierce* (1974), 21 Ill. App. 3d 770, 315 N.E.2d 584.) In the instant case, a witness testified that the defendant claimed to be the owner of the jeep in question, and entered into an agreement to sell the jeep to the witness. This testimony was uncontroverted and was enough to sustain the jury's finding that he intended permanently to deprive the owner of his property.

■■ Finally, the defendant contends that the sentence of three to nine years was excessive and should be reduced. It is well settled that a court of review will not set aside a sentence unless it is clear from the record that there was a manifest abuse of discretion by the trial judge who had the opportunity to observe the defendant at the trial below, and was in a better position to evaluate the likelihood of rehabilitation. (*People v. Taylor* (1965), 33 Ill. 2d 417, 211 N.E.2d 673; *People v. Davis* (1976), 38 Ill. App. 3d 649, 348 N.E.2d 533.) As the defendant points out, the sentence imposed by the trial judge in this case was in excess of the minimum sentence proscribed by statute. Theft of property exceeding $150 is a Class 3 felony under section 16—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 16—1), and the Unified Code of Corrections provides a minimum term of one year for a Class 3 felony "unless the Court, having regard for the nature and circumstances of the offense and the history and character of the defendant sets a higher minimum term * * *" (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(4)). Following the imposition of the three-year minimum sentence in the instant case, the trial judge filled a written statement which read in part:

"It is obvious from the defendant's prior record that he needs substantial time in which to prepare himself for a return to society. According to the prior record of the defendant, he has been charged in many states throughout the United States for various offenses. However, the Court takes into consideration only the convictions. In 1965 the defendant was sentenced from 1 to 20 years for forgery, which apparently was vacated. He was paroled in Indianapolis, Indiana in 1967 and violated his parole. In 1970 the defendant was charged in various cities throughout the State of Ohio for various offenses, but there does not appear to be a conviction. However, in 1971, the defendant was convicted of forgery in the State of Ohio and sentenced from 1 to 20 years. In 1973 the defendant was charged in the State of Ohio with the offense of embezzlement and sentenced from 1 to 10 years. At the present time it appears that there are holding orders on the defendant in the State of Ohio.

Obviously, the defendant has, according to the pre-sentence report, failed to consistently retain any regular employment. The defendant stated that he had been married on four different occasions but all have failed. The defendant stated that he knew what he did was wrong, but he felt it should be a misdemeanor instead of a felony offense."

In light of the defendant's past record, and his total disregard of the law, we conclude that the trial judge exercised sound discretion in the imposition of a three- to nine-year sentence, and will not disturb his judgment.

Affirmed.

GUILD, P. J., and SEIDENFELD, J., concur.