THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CHARLES TOLIVER, Defendant-Appellant.

First District (5th Division)   No. 77-978

Opinion filed May 19, 1978.

James J. Doherty, Public Defender, of Chicago (David Daniels, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, James S. Veldman, and Joseph P. Quirk, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE MEJDA delivered the opinion of the court:

After a bench trial defendant was convicted of retail theft. (Ill. Rev. Stat. 1977, ch. 38, par. 16A—3(a).) He was sentenced to a term of two years probation with the first 40 days to be served in the Department of Corrections less credit for time served. On appeal the issues are: whether the State failed to prove defendant guilty beyond a reasonable doubt in the absence of evidence that the Jewel food store was a retail mercantile establishment or that the merchandise was offered for sale in such establishment; whether the complaint was defective in failing to identify the goods taken; and whether the court erred in denying a motion to suppress evidence. We affirm.

The complaint stated that defendant committed the offense of retail theft in that he knowingly "took in his possession Merchandise to Wit: valued under $150.00 offered for sale in a Retail Establishment, with the intention of depriving Jewel Food Store permanently of the possession of such merchandise without paying the full retail value * * *."

Prior to trial defense counsel made oral motions to suppress evidence, to dismiss the charges and to quash the arrest. It was then stipulated that the evidence received at the hearing on the motions would be used in the event of trial.

At the hearing on the motions, Carolyn Travis testified she was employed at the Jewel Food Store at 87 West 87th Street to watch for shoplifters and that the store was an Illinois corporation. On February 5, 1977, she observed defendant through a one-way mirror from her position on a catwalk about 20 feet away from defendant. She saw him tear open a package of cigarette lighters and put them in his pocket. Ms. Travis notified her supervisor, and defendant was stopped after passing through the checkout counter. He was then taken to a security office where he was immediately searched by a security guard. Five cigarette lighters and a box of soup were recovered. The police were notified and arrived about five minutes later. Neither the security guard nor the police had a search warrant. The trial court denied the motions.

The case proceeded to trial pursuant to the prior stipulation. Ms. Travis then testified that the value of the items taken was $8.41. Upon sentencing, defendant appealed.

OPINION

Defendant first contends the State failed to prove that the scene of the offense was a retail mercantile establishment and that the goods taken

were offered for sale in such establishment as required in sections 16A—2.9 and 16A—3(a) (Ill. Rev. Stat. 1977, ch. 38, pars. 16A—2.9, 16A—3(a)) which provide:

" 'Retail Mercantile Establishment' means any place where merchandise is displayed, held, stored or offered for sale to the public." Ill. Rev. Stat. 1977, ch. 38, par. 16A—2.9.

"A person commits the offense of retail theft when he or she knowingly:

(a) Takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale in a retail mercantile establishment with the intention of retaining such merchandise or with the intention of depriving the merchant permanently of the possession, use or benefit of such merchandise without paying the full retail value of such merchandise." Ill. Rev. Stat. 1977, ch. 38, par. 16A—3(a).

■■ The record shows the merchandise was taken from a Jewel food store, and the court may take judicial notice that a Jewel food store is a retail mercantile establishment within the statutory definition. A trier of fact may use common sense and general knowledge in considering evidence and drawing the proper inference from it. (*People v. Middleton* (1976), 43 Ill. App. 3d 1030, 1037, 357 N.E.2d 1238; *People v. Koegel* (1931), 262 Ill. App. 596.) In *People v. Sims* (1975), 29 Ill. App. 3d 815, 818, 331 N.E.2d 178, the court took judicial notice of the corporate character of a Jewel food store and stated:

"A Jewel Food Store is not an obscure neighborhood grocery. It is a unity in a well-known chain of supermarkets in the Chicagoland area. Any Illinois judge could take judicial notice that the Jewel company has a corporate make-up and is an entity capable of owning property."

■■ Similarly, the court in this case may take judicial notice that this Jewel food store was a retail mercantile establishment and that the goods in it were offered for sale. It is also clear that defendant was not prejudiced by the failure to formally prove that Jewel is a retail establishment, and the testimony of Carolyn Travis established that defendant was apprehended after passing through a checkout counter, a device unique to retail establishments.

■■ Defendant next contends the complaint was deficient because it did not specify the goods taken. However, that same contention was rejected in *People ex rel. Dorsey v. Morris* (1976), 37 Ill. App. 3d 632, 347 N.E.2d 175, and in *People v. Dorsey* (1976), 41 Ill. App. 3d 313, 354 N.E.2d 510. In *People ex rel. Dorsey v. Morris*, the court relied on *People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456, wherein the court held that a complaint was sufficient where it apprised defendant of the nature of the charge with sufficient specificity to prepare his defense and allow

pleading a resulting conviction as a bar to future prosecutions arising out of the same conduct. The court noted that defendant could refer to the record to establish with particularity those offenses which might be pleaded in bar of subsequent prosecutions. In this case, even though the complaint failed to identify the goods taken, they were specified at trial; thus, defendant could plead the conviction in bar to future prosecutions.

Defendant also asserts the search by the Jewel security guard violated his right to privacy by exceeding the legislative mandate of section 16A— 5 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 16A—5). He contends this constitutes grounds for suppression of the evidence obtained as a result of the search. Section 16A—5 provides in relevant part as follows:

> "Any merchant who has reasonable grounds to believe that a person has committed retail theft may detain such person, on or off the premises of a retail mercantile establishment, in a reasonable manner and for a reasonable length of time for all or any of the following purposes:
>
> (a) To request identification;
>
> (b) To verify such identification;
>
> (c) To make reasonable inquiry as to whether such person has in his possession unpurchased merchandise and, to make reasonable investigation of the ownership of such merchandise;
>
> (d) To inform a peace officer of the detention of the person and surrender that person to the custody of a peace officer."

■■ ■ Even though the statute does not expressly authorize store personnel to search someone reasonably believed to be guilty of theft, the law is clear that evidence which would be inadmissible if seized by the police is admissible if seized by a third-party who is not acting as an agent of the police. (*People v. Nunn* (1973), 55 Ill. 2d 344, 353-54, 304 N.E.2d 81; *People v. Heflin* (1976), 40 Ill. App. 3d 635, 351 N.E.2d 594.) In *People v. Randazzo* (1963), 220 Cal. App. 2d 768, 34 Cal. Rptr. 65, *City of University Heights v. Conley* (1969), 20 Ohio Misc. 112, 252 N.E.2d 198, and *State v. McDaniel* (1975), 44 Ohio App. 2d 163, 337 N.E.2d 173, searches by security guards were not deemed to constitute State action. (Also see Annot., 36 A.L.R. 3d 553, 567-71 (1971).) Because there was no police involvement in the search, the Fourth Amendment is clearly not applicable. (*United States v. Shelby* (7th Cir. 1978), 573 F.2d 971; *United States v. Mekjian* (5th Cir. 1975), 505 F.2d 1320, 1327-28.) Therefore, we find defendant's contention to be without merit.

Accordingly, the judgment is affirmed.

Judgment affirmed.

SULLIVAN, P. J., and WILSON, J., concur.