446 A.2d 965

**COMMONWEALTH of Pennsylvania**

v.

**Bruce MARTIN, Appellant.**

Superior Court of Pennsylvania.

Argued April 6, 1981.

Filed June 11, 1982.

Petition for Allowance of Appeal Denied Jan. 7, 1983.

---

Francis M. Walsh, Assistant Public Defender, Norristown, for appellant.

Ronald T. Williamson, Assistant District Attorney, for Norristown, for Commonwealth, appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

VAN der VOORT, Judge:

Appellant was convicted, in a jury trial, of retail theft (second offense).[1]  Post-trial motions were denied and appel-

---

1. 18 Pa.C.S. § 3929(b) reads:
   Grading.—
   (1) Retail theft constitutes A:
   (I) Summary offense when the offense is a first offense and the value of the merchandise is less than $150.
   (II) Misdemeanor of the second degree when the offense is a second offense and the value of the merchandise is less than $150.
   (III) Misdemeanor of the first degree when the offense is a first or second offense and the value of the merchandise is $150 or more.
   (IV) Felony of the third degree when the offense is a third or subsequent offense, regardless of the value of the merchandise.
   (2) Amounts involved in retail thefts committed pursuant to one scheme or course of conduct, whether from the same store or retail mercantile establishment or several stores or retail mercantile establishments, may be aggregated in determining the grade of the offense.

lant was sentenced to serve one to two years in prison, consecutive to any sentence then being served or to be served. A motion for reconsideration of sentence was denied. This appeal followed.

The first contention raised on appeal is that the lower court erred in denying appellant's motion to dismiss pursuant to Rule 1100, Pennsylvania Rules of Criminal Procedure.

The criminal complaint in this case was filed on June 12, 1979. The run date for Rule 1100 purposes was December 9, 1979. The case was called to trial on October 11, 1979. At that time appellant appeared unrepresented by counsel and requested a postponement to secure counsel. The written motion for a postponement contained a Rule 1100 waiver, which was signed by appellant.[2] At the bottom of the motion was an order signed by Judge Vogel directing the case be tried within 120 days. On December 13, 1979, appellant filed his motion to dismiss pursuant to Rule 1100. The court denied the motion on January 3, 1980, prior to trial. Appellant argues here as he did in post-trial motions that he was coerced into signing such waiver as he was forced to choose between representation by counsel and preserving his right to be tried within 180 days. Appellant argues that as he challenged the validity of the waiver, the Commonwealth had the burden of sustaining the validity of the waiver.

Appellant's position is without merit. So long as there is an indication on the record that the waiver is an informed and voluntary decision we will presume it to be

2. "I have been advised and I understand that under Rule 1100 of the Pennsylvania Rules of Criminal Procedure, my trial in Montgomery County Court must begin on or before December 9, 1979, which is the 180th day from the date of the filing of the criminal complaint accusing me of the above charges. I am aware that these charges may be dismissed if my trial does not commence on or before the 180th day or within any additional time allowed to the Commonwealth under the provisions of Rule 1100. I have been advised and I understand that by signing this 'waiver' I am waiving or giving up my right to be tried within 180 days from the filing of the criminal complaint, and I am agreeing that I can be tried after the 180th day. I have not been made any promises, nor have I been forced to sign this waiver."

valid. A bald contention that such waiver is involuntary is insufficient to defeat the waiver. *Commonwealth v. Allen*, 291 Pa. Superior Ct. 366, 435 A.2d 1270, 1272 (1981). Here the waiver demonstrates appellant was adequately informed and voluntarily signed it. His claim that he was forced to choose either representation by counsel, or his right to a speedy trial is unpersuasive. *Commonwealth v. Rodriquez*, 291 Pa. Superior Ct. 239, 435 A.2d 888 (1981); *see also Commonwealth v. McCulley*, 270 Pa. Superior Ct. 115, 410 A.2d 1276 (1979).

Appellant's next contention is that the court erred in failing to suppress certain evidence. He claims that the store detective, who searched the bag he carried outside of the store was not acting as a private citizen. Appellant suggests that the authority bestowed upon such an individual by 18 Pa.C.S. § 3929(d)[3] permits such person to act under color of state law. It follows, he argues, that such a search without a warrant is illegal.

While this contention appears not to have been previously raised in the appellate courts of Pennsylvania, we nonetheless have no difficulty in resolving it. A number of other jurisdictions have considered the issue and found against the criminal defendant.[4] Those courts, finding that such statutes are a codification of the common law's "shop-

---

**3.** (d) Detention.—A peace officer, merchant or merchant's employee or an agent under contract with a merchant, who has probable cause to believe that retail theft has occurred or is occurring on or about a store or other retail mercantile establishment and who has probable cause to believe that a specific person has committed or is committing the retail theft may detain the suspect in a reasonable manner for a reasonable time on or off the premises for all or any of the following purposes: to require the suspect to identify himself, to verify such identification, to determine whether such suspect has in his possession unpurchased merchandise taken from the mercantile establishment and, if so, to recover such merchandise, to inform a peace officer, or to institute criminal proceedings against the suspect. Such detention shall not impose civil or criminal liability upon the peace officer, merchant, employee, or agent so detaining.

**4.** This argument is most commonly raised in a civil action brought by a vindicated criminal defendant who then sues for a violation of his civil rights.

keepers privilege", have held that such statutes do not create police authority in private persons. Such statutes authorize merchants to act without being subjected to civil liabilities for so acting reasonably. *The Estate of Iodice v. Gimbel's, Inc.*, 416 F.Supp. 1054 (E.D.N.Y.1976); *Weyandt v. Mason's Stores, Inc.*, 279 F.Supp. 283 (W.D.Pa.1968); *see also People v. Toliver*, 60 Ill.App.3d 650, 18 Ill.Dec. 54, 377 N.E.2d 207 (1978). We agree and hold that store employees who stop, detain and search individuals who they reasonably suspect of retail theft do not act under the color of state authority.

Appellant's third challenge is to the constitutionality of the retail theft statute, 18 Pa.C.S. § 3929. In particular he challenges subsections (d) and (c). His attack upon subsection (d) is premised upon a finding that the license provision, discussed above, bestows police powers upon merchants. As we have discarded such contention above, we need not further address appellant's complaint on this point.

Appellant claims that 18 Pa.C.S. § 3929(c)[5] creates in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 9 of the Constitution of this Commonwealth, a presumption of guilt that a defendant must rebut.

This statutory presumption is an evidentiary device which may be available to assist the Commonwealth in proving an element of the offense beyond a reasonable doubt. *Commonwealth v. Turner*, 456 Pa. 116, 317 A.2d

---

**5.** (c) Presumptions.—Any person intentionally concealing unpurchased property of any store or other mercantile establishment, either on the premises or outside the premises of such store, shall be prima facie presumed to have so concealed such property with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof within the meaning of subsection (a), and the finding of such unpurchased property concealed, upon the person or among the belongings of such person, shall be prima facie evidence of intentional concealment, and, if such person conceals or causes to be concealed, such unpurchased property, upon the person or among the belongings of another, such fact shall also be prima facie evidence of intentional concealment on the part of the person so concealing such property.

298 (1974). It arises only when the prosecution establishes the existence of facts upon which the presumption is based. *Commonwealth v. Bonn*, 244 Pa.Super. 315, 368 A.2d 738 (1976). The fact upon which the instant presumption is based is concealment of the unpurchased merchandise.

*Commonwealth v. McSween*, 265 Pa.Superior 458, 460–61, 402 A.2d 528 (1979).

■ Such a presumption is a presumption of fact or an inference, and not to be confused with an irrebuttable presumption. The leading Pennsylvania case in this area is *Commonwealth v. Turner*, 456 Pa. 116, 317 A.2d 298 (1974). We need not here reiterate the whole of the Supreme Court's extended discussion on the differences between a permissible presumption and an impermissible one. It is sufficient to reprint the two-part test set forth in *Turner*.

In evaluating the need for and propriety of a standardized inference we should weigh two distinct factors: (1) whether, in light of present day experience, the proven facts bear sufficient relationship to the fact to be inferred; and (2) whether the rational connection inherent in the inference is of such a nature that standardization is desirable.

456 Pa. at 120–21, 317 A.2d 298. (footnote deleted).

■ Applying this test to the present statutory presumption we find that the statute passes constitutional muster. If a person conceals merchandise either in a store or outside of it, without first having paid for it, it reasonably follows that he intends to deprive the merchant of the item(s). Unlike *Turner*, where the court found that changes in society [6] undermined precedent, the current presumption does not suffer such an infirmity. Concealment without payment still creates an inference of an intention to steal as it had in the past. Such a standardization is not only reasonable but

6. At issue was the "nexus between recent possession of stolen property and the identity of the thief." The court found "[t]he advent of densely populated communities, ... advances in communication and transportation, the increased mobility ... produced a more transient pattern of living ... redefin[ed] the term of recent possession." *Id.* 456 Pa. at 121–22, 317 A.2d 298.

also necessary; the Commonwealth would not otherwise be able to prove a defendant's intent, unless the intent was admitted.

■ As intent to deprive is an essential element of the crime of retail theft,[7] the inference must follow beyond a reasonable doubt from its factual basis. *Commonwealth v. Mason*, 483 Pa. 409, 397 A.2d 408 (1979); *Commonwealth v. DiFrancesco*, 458 Pa. 188, 329 A.2d 204 (1974). We have no difficulty in concluding, especially in light of the previous discussion, that the inference here in question satisfies the reasonable doubt standard.

In applying the statutory inference to the facts of the criminal incident under review we also address appellant's fourth allegation that the lower court erred in not sustaining his demurrer. Specifically, appellant contends the Commonwealth failed to demonstrate beyond a reasonable doubt that he did not pay for the merchandise.

The testimony offered by the Commonwealth established the following. A security guard observed appellant at a clothes rack; he selected two outfits of clothing consisting each of a shirt and pair of pants and took them into the

**7.** § 3929 (a) Offense defined.—A person is guilty of a retail theft if he:

(1) takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof:

(2) alters, transfers or removes any label, price tag marking, indicia of value or any other markings which aid in determining value affixed to any merchandise displayed, held, stored or offered for sale in a store or other retail mercantile establishment and attempts to purchase such merchandise personally or in consort with another at less than the full retail value with the intention of depriving the merchant of the full retail value of such merchandise:

(3) transfers any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment from the container in or on which the same shall be displayed to any other container with intent to deprive the merchant of all or some part of the full retail value thereof; or

(4) under-rings with the intention of depriving the merchant of the full retail value of the merchandise.

fitting room. A few minutes later he exited the fitting room with nothing in his hands. He returned to the rack and selected another outfit and then again went into the fitting room. A few minutes later, he came out of the fitting room carrying a shopping bag which he had not been observed with earlier. The fitting room was searched; the clothing was not present. Security personnel left the store and followed appellant. Appellant was detained and the merchandise was recovered. (N.T. Trial, pp. 5–6). The security guard testified that appellant did not attempt to pay for the items (N.T. Trial, p. 20).

To avoid a demurrer, the Commonwealth must come forward with evidence which establishes beyond a reasonable doubt each element of the crime charged. Therefore, the test to be applied is whether the Commonwealth's evidence and all reasonable inferences arising therefrom are sufficient to support a verdict of guilty beyond a reasonable doubt. *Commonwealth v. Mason, supra. Commonwealth v. Petrie,* 277 Pa. Superior Ct. 239, 419 A.2d 750 (1980). The evidence here clearly shows beyond a reasonable doubt that appellant removed the clothing from the store, intending to deprive the store of it. Such intent follows beyond a reasonable doubt from appellant's behavior in concealing the items. *Compare Mason, supra.*

Appellant's last claim is that the trial court failed to place on the record its reasons for imposing the sentence it did. The lower court admittedly did not place on the record, at the time of sentencing, its reasons. (Opinion, p. 13). Appellant in his petition for reconsideration specifically raised the omission. Such claim has not been waived. *See Commonwealth v. Turecki,* 278 Pa. Superior Ct. 511, 420 A.2d 658 (1980). Nor has the court, in its opinion, sufficiently explained such sentence. Instead the court noted that appellant refused to cooperate in the preparation of a presentence report and that the sentence was imposed based upon defendant's criminal record. (Opinion, pp. 13–14) The trial judge concludes that if remanded he would reimpose an identical sentence and therefore such remand would be a "vain act." (Opinion, p. 15).

*Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977) and the many cases that follow it, such as *Commonwealth v. Giffin*, 279 Pa. Superior Ct. 264, 420 A.2d 1134 (1980), have required trial courts to place on the record, at the time of sentencing, the reasons for the sentence imposed. As the record contains no such statement, we must vacate the judgment of sentence and remand the case to afford the trial court an opportunity to resentence appellant in accordance with the sentencing code and guidelines and to include a statement of reasons for the sentence imposed.

Judgment of sentence vacated and case remanded for resentencing.