471 A.2d 888

**COMMONWEALTH of Pennsylvania**

v.

**Warren LACY, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 24, 1983.

Filed Feb. 10, 1984.

Douglas M. Johnson, Public Defender, Norristown, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before WICKERSHAM, BROSKY and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant challenges the constitutionality of the Retail Theft Act and the denial of his motion for mistrial because of alleged prosecutorial misconduct. We find no merit in appellant's claims and, accordingly, affirm the judgment of sentence.

On August 24, 1981, appellant was arrested as he left a Clover Department store and charged with his third offense of retail theft. A search by a Clover security guard yielded Clover merchandise for which appellant had not paid, in a box in appellant's possession. Appellant's motion to suppress was denied. Following a jury trial, appellant was found guilty of retail theft and sentenced to a term of imprisonment of three-to-seven years. This appeal followed.

Appellant challenges the constitutionality of the Retail Theft Act, alleging specifically that the fourth amendment guidelines protecting against unreasonable searches and seizures must be followed by private security guards because they act under color of state law. We disagree. The Retail Theft statute, 18 Pa.C.S.A. § 3929(d), provides that:

A peace officer, merchant or merchant's employee or an agent under contract with a merchant, who has probable cause to believe that retail theft has occurred or is occurring on or about a store or other retail merchantile establishment and who has probable cause to believe that a specific person has committed or is committing the retail theft may detain the suspect in a reasonable manner for a reasonable time on or off the premises for all or any of the following purposes: to require the suspect to identify himself, to verify such identification, to determine whether such suspect has in his possession unpurchased merchandise taken from the merchantile establishment and, if so, to recover such merchandise, to inform a peace officer, or to institute criminal proceedings against the suspect. Such detention shall not impose civil or

criminal liability upon the peace officer, merchant, employee, or agent so detaining.

In *Commonwealth v. Martin*, 300 Pa.Superior Ct. 497, 446 A.2d 965 (1982), the defendant claimed that a search made pursuant to the Retail Theft Act was illegal because it empowered the private guards to act under color of state law. Our court considered the lead taken by other jurisdictions with statutes granting substantially similar authority to private security guards and noted that "[t]hose courts, finding that such statutes are a codification of the common law's 'shop-keeper's privilege', have held that such statutes do not create police authority in private persons." *Id.*, 300 Pa.Superior Ct. at 501, 446 A.2d at 967. The Court then held that "store employees who stop, detain and search individuals who they reasonably suspect of retail theft *do not act under color of state authority.*" *Id.* It therefore follows from the holding in *Commonwealth v. Martin, supra,* that 18 Pa.C.S.A. § 3929(d) is constitutional. Accordingly, because the Clover security guards were acting in a private capacity, rather than under color of state law, they were entitled, upon probable cause, to search appellant without applying for or receiving a search warrant.[1] The record clearly supports the fact that the security guards had probable cause to suspect appellant of retail theft. Appellant was seen by a door guard entering the store with a box, and was then observed by another guard "tak[ing] four sweaters off the rack and stuff[ing] them in his box,

---

1. Appellant's reliance on *Commonwealth v. Eshelman*, 477 Pa. 93, 383 A.2d 838 (1978), is misplaced. In *Eshelman* an off-duty auxiliary policeman discovered a car parked in a woody area containing packages of what later proved to be drying marijuana. The auxiliary policeman, suspicious because of information he had received through the police force, brought the package to the city police, who arranged for the auxiliary policeman to take the package to the state police for additional testing. Our Supreme Court concluded that the auxiliary policeman was acting as a police officer in taking the package and presenting it to the police. Hence, because the search and seizure was conducted without a warrant, the defendant was entitled to have the evidence suppressed. In the instant case, however, pursuant to 18 Pa.C.S.A. § 3929(d), the Clover security guards acted only in the capacity of private citizens; they did not, in any way, assume the roles of police officers.

clos[ing] the box and ... walking out of the store." (N.T. February 8, 1982 at 35). These observations were more than sufficient to support the guards' belief that appellant was committing theft.

Appellant contends also that the prosecutor's comment that defense counsel had "clouded the issues" so inflamed the jury as to require a new trial. This claim also lacks merit. "[N]ot every intemperate or uncalled for remark by the prosecution requires a new trial." *Commonwealth v. Youngkin*, 285 Pa.Superior Ct. 417, 430, 427 A.2d 1356, 1362 (1981). *See also Commonwealth v. Goosby*, 450 Pa. 609, 611, 301 A.2d 673, 674 (1973). Although a prosecutor's trial conduct must be neither vindictive nor in any manner influence the jury by arousing their prejudicies, *Commonwealth v. Starks*, 479 Pa. 51, 56, 387 A.2d 829, 831 (1978), "[c]omments by the district attorney do not constitute reversible error unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so that they could not weigh the evidence objectively and render a true verdict." *Commonwealth v. Van Cliff*, 483 Pa. 576, 582, 586, 397 A.2d 1173, 1176, 1178 (1979), *quoting Commonwealth v. McNeal*, 456 Pa. 394, 400, 319 A.2d 669, 673 (1974). Here, appellant complains of an isolated comment made in the prosecution's closing argument. Although the prosecutor's remark may have constituted reversible error if made in combination with other potentially prejudicial comments, taken alone, this statement did not sufficiently inflame the jury's prejudicies.[2] Appellant complained of no

2. Appellant erroneously relies on *Commonwealth v. Gilman*, 470 Pa. 179, 368 A.2d 253 (1977); *Commonwealth v. Collins*, 462 Pa. 495, 341 A.2d 492 (1975), and *Commonwealth v. Long*, 258 Pa.Superior Ct. 312, 392 A.2d 810 (1978), in support of his argument that the prosecutor's remarks constitutes reversible error. In each of those cases the prosecution made many prejudicial remarks, including comments about defense counsel's having "clouded the issues," and the court acknowledged that it was the cumulative effect of the prosecution's remarks that required the granting of a new trial. *See, e.g., Commonwealth v. Collins, supra* 462 Pa. at 499, 341 A.2d at 493 ("The record is replete with instances of prosecutorial misconduct which permit only one reasonable conclusion: from the beginning of the trial, the

other misconduct and the lower court cured any possible prejudicial impact inherent in the prosecutor's remark when it charged the jury as follows:

[I]n deciding the case, you consider the evidence in light of the reasons and arguments made by counsel. It is obviously both the right and duty of the attorneys to present the evidence and testimony in a manner which is obviously most favorable to the side they represent. You should be guided by the arguments of counsel to the extent that they are supported by the evidence insofar as they are supported by the facts as you find them and, of course, insofar as they aid you in applying your own reason and common sense.

(N.T. February 10, 1982 at 106–07). Thus, we do not find that the prosecutor's isolated remark constituted reversible error.[3]

Affirmed.

prosecutor adopted a strategy calculated to try the case on his own terms rather than within the rules of evidence and the standards of professional conduct.").

**3.** Because of our holding, we need not address appellant's claim that he was erroneously denied a suppression hearing because the Clover security guards acted as agents of the Cheltenham Police Department.