J-S33025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DAVID MAURICE SPRINGER :
:
Appellant : No. 1833 MDA 2016

Appeal from the Judgment of Sentence October 4, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0002822-2015

BEFORE: BENDER, P.J.E., OTT, J. and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.: **FILED JUNE 09, 2017**

David Maurice Springer appeals from the judgment of sentence imposed on October 4, 2016, in the Lancaster County Court of Common Pleas. Springer was sentenced to nine to twenty-three months' incarceration, followed by a three-year probationary term, after his jury conviction of retail theft.[1, 2] Springer's sole issue on appeal is a challenge to the sufficiency of the evidence supporting his conviction. For the reasons set below, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3929(a)(1).

[2] The nine month minimum sentence was divided with the first four months at Lancaster County Prison, work release eligible, and the remainder on house arrest with electronic monitoring.

The facts surrounding Springer's arrest and conviction are aptly summarized by the trial court, as follows:

On May 15, 2015, [Springer] was shopping at a Giant Foods Store when he was observed taking a box of Advil from a shelf, removing the bottle of Advil from the box, and hiding the empty box in the deodorant shelving section. After discarding the empty box, [Springer] added a few items to his cart and then proceeded to the checkout line, where he paid for other items, but not for the bottle of Advil. He then passed all points of sale and began to exit the store. Video footage of these actions was shown to the jury. After observing this, the store's loss prevention officer, Brian Weeks, stopped [Springer] in the vestibule of the store, and took [Springer] to the manager's office. While being escorted back to the office, [Springer] was seen dropping the bottle of Advil into a display basket of [children's] bubbles. The store's pharmacist, who witnessed [Springer] attempt to hide the Advil in the basket of bubbles, retrieved the Advil bottle, and informed Mr. Weeks that [Springer] had "ditched" the bottle of Advil into a basket on his way back into the store. Mr. Weeks then called the police.

The jury returned a verdict of guilty [of retail theft]. …

Trial Court Opinion, 1/3/2017, at 1–2 (record citations omitted). Springer was sentenced as stated above, and this appeal followed.[3]

Springer contends the evidence failed to establish "he had the specific intent to deprive the merchant, Giant Food Stores, of the full retail value of the merchandise." Springer's Brief at 7. Specifically, Springer argues "the Advil bottle was not found concealed on Mr. Springer's person [and] no one saw Mr. Springer conceal the Advil on his person." *Id.* at 11. He claims he

_____

[3] Springer timely complied with the order of the trial court to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

"was merely seen removing the Advil from its box, and the next time the Advil was found, it was in a basket at the front of the store." *Id.* He further asserts, "Although [pharmacy manager] Grady testified that he saw Mr. Springer drop something into a basket as he was being directed back into the store, the [p]harmacy [m]anager was unable to say which pocket the item came from or which hand Mr. Springer used." *Id.* at 12. Springer maintains "the Advil had a value of $4.94, Mr. Springer paid for approximately $30 worth of items, and when he was arrested $103.65 was found on his person. Thus, this evidence suggests that it would be illogical for Mr. Springer to intend to deprive Giant Food Stores of the retail value of the Advil bottle when he could have easily paid for it." *Id.*

Our standard of review of a sufficiency challenge is well settled:

A claim impugning the sufficiency of the evidence presents us with a question of law. Our standard of review is well-established:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly

circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt. Although a conviction must be based on more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty.

*Commonwealth v. Antidormi*, 84 A.3d 736, 756 (Pa. Super. 2014)

(quotations and citations omitted).

The Crimes Code defines retail theft as follows:

**§ 3929 Retail theft**

**(a) Offense defined.--**A person is guilty of a retail theft if she:

(1) takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof[.]

18 Pa.C.S. § 3929(a)(1).

This Court has stated that "intent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances." *Commonwealth v. Franklin*, 69 A.3d 719, 723 (Pa. Super. 2013). Further, in cases of retail theft, the Crimes Code expressly provides:

Any person intentionally concealing unpurchased property of any store or other mercantile establishment, either on the premises or outside the premises of such store, shall be prima facie presumed to have so concealed such property with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof within the meaning of subsection (a)[.]

18 Pa.C.S. § 3929(c); *see also Commonwealth v. Martin*, 446 A.2d 965, 968 (Pa. Super. 1982) ("If a person conceals merchandise either in a store or outside of it, without first having paid for it, it reasonably follows that he intends to deprive the merchant of the item(s).").

The trial court, in assessing the sufficiency of the evidence, concluded:

The evidence clearly supports the factfinder's conclusions in this case: (1) [Springer] took a box of Advil from a shelf in the store; (2) [Springer] removed the outer packaging; (3) [Springer] discarded the packaging in a deodorant display; (4) [Springer] placed several other items in his cart; (5) [Springer] paid for those items, but not for the Advil; (6) [Springer] began leaving the store; and (7) when [Springer] was ushered back to the manager's office, he tried to hide the stolen bottle by covertly dropping it into the basket of bubbles.

While it is certainly possible to speculate that [Springer] had merely forgotten the bottle was in his pocket after inexplicably removing and hiding the outer packaging, or while we might also wonder if the bottle found in the basket of bubbles was an incredible coincidence, such speculation would greatly exceed the clear standard set by our appellate courts: looking at the record as a whole, one cannot find that the evidence in this case "is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." To the contrary, the most logical and obvious conclusion is the one reached by the jury-that [Springer] intentionally took the bottle of Advil, and intended to keep it without paying for it. As precedent clearly indicates, it is therefore not within the Court's discretion to substitute its judgment for that of the jury in this case.

- 5 -

Trial Court Opinion, 1/3/2017, at 3–4.    We agree with the sound reasoning of the trial court.

Springer's reliance on the fact that no one saw him actually pocket the Advil bottle, that the Advil bottle was not found on his person, and that the video presented by the Commonwealth did not capture Springer pocketing the Advil is misplaced.  Here, there was evidence that Springer removed the Advil bottle from its box and discarded the empty box in the deodorant display, that the Advil was not among the grocery items Springer presented to the cashier, that Springer proceeded to the vestibule to exit the store without paying for the Advil, and thereafter, as store security ushered Springer back to the manager's office, Springer was observed by the pharmacy manager inconspicuously dropping the Advil into a basket of bubbles.  This combination of evidence, viewed in the light most favorable to the Commonwealth as verdict winner, allowed the jury to properly infer that Springer had the intent to steal the Advil from the store.[4]  Therefore, no relief is due.

Accordingly, we affirm.

Judgment of sentence affirmed.

---

[4] It bears mention that the store security video, which was admitted as Commonwealth Exhibit 1, and viewed by the jury, is not included in the certified record.  However, the trial transcript is included in the certified record. The testimony presented by the Commonwealth at trial, by itself, was sufficient to establish the elements of retail theft beyond a reasonable doubt.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2017