2025 PA Super 215

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMAR WELLMON | : | |
| | : | |
| Appellant | : | No. 2794 EDA 2024 |

Appeal from the Judgment of Sentence Entered September 12, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003483-2024

BEFORE: PANELLA, P.J.E., DUBOW, J., and NICHOLS, J.

OPINION BY DUBOW, J.: **FILED SEPTEMBER 24, 2025**

Appellant, Jamar Wellmon, appeals from the September 12, 2024 judgment of sentence of four to eight months of incarceration followed by two years of probation after his non-jury trial conviction of Robbery, Retail Theft, and Simple Assault.[1] Appellant purports to challenge the sufficiency of the evidence in support of his Robbery and Retail Theft convictions. After careful review, we affirm.

The relevant facts and procedural history are as follows. On April 24, 2024, at approximately 8:30 AM, Appellant entered a Rite Aid pharmacy in Philadelphia wearing a black hooded sweatshirt and a face mask, and carrying one bag over his shoulder and another—a reusable orange shopping bag—in his hand.

_____

[1] 18 Pa.C.S. §§ 3701(a)(1)(iv), 3929(a), and 2701(a), respectively.

Duane Jordan was working as a security guard in the store at the time and observed Appellant walking down one of the store aisles then suddenly "duck" into another aisle.  N.T., 9/5/24, at 14, 26-27.  Mr. Jordan walked up another aisle so he could be better positioned to watch Appellant and saw Appellant take something from the refrigerated section.  He then observed Appellant put a 12-pack of Red Bull energy drinks into the orange reusable shopping bag.

Appellant then walked toward Mr. Jordan and, as he approached, Mr. Jordan told Appellant "it's too early for this" and "you're either going to pay for it, or put it back."  *Id.* at 14-15.  Appellant did not respond to Mr. Jordan and continued walking past him.  At that point, Mr. Jordan "went for the bag." *Id.* at 15.  Appellant then "spun around on [Appellant] and he swung[,]" landing a punch on Mr. Jordan's left side.  *Id.* at 16.  The two men then "started tusslin'." *Id.*  As they fought, they moved towards the vestibule of the store where Appellant's mask came off.

Ultimately, Appellant fled the store leaving behind his personal items as well as the orange reusable shopping bag holding the Red Bull.  Police apprehended Appellant across the street from the Rite Aid, and Mr. Jordan identified him as the person who had attempted to steal the Red Bull and had assaulted him.

The Commonwealth charged Appellant with the above offenses.[2] Appellant proceeded to a non-jury trial and presented the testimony of Mr. Jordan, who testified in accordance with the above facts. In addition, Mr. Jordan testified that the vestibule of the store is on the far side of the cash registers in the direction of the store's exit. He also testified that Appellant did not leave the store with unpaid merchandise.

Appellant did not present any evidence or testify on his own behalf, and, following closing arguments, the trial court convicted Appellant of Retail Theft, Robbery, and Simple Assault.

On September 12, 2024, the trial court sentenced Appellant to a term of four to eight months of incarceration followed by two years of probation. Appellant did not file a post-sentence motion.

This appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following two issues on appeal:

1. Was the evidence insufficient as a matter of law to find that [Appellant] committed a retail theft under 18 Pa.C.S. § 3929(a), where the trial court erred by finding that the presumption pursuant to § 3929(c) applied, and the evidence was otherwise insufficient to prove beyond a reasonable doubt that [Appellant] intended to take any merchandise from the store without paying?

2. Was the evidence insufficient as a matter of law that [Appellant] committed [R]obbery under 18 Pa.C.S. § 3701(a),

---

[2] The Commonwealth also charged Appellant with Terroristic Threats. At the close of the Commonwealth's case, the court granted Appellant's unopposed motion for judgment of acquittal on that charge.

because the Commonwealth failed to prove beyond a reasonable doubt that [Appellant] committed or attempted to commit a theft?

Appellant's Brief at 2.

Appellant purports to challenge the sufficiency of the evidence in support of his Retail Theft and Robbery convictions. "A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). "[O]ur standard of review is *de novo*[,] and our scope of review is plenary." *Commonwealth v. Hutchinson*, 164 A.3d 494, 497 (Pa. Super. 2017) (citation omitted). In reviewing a sufficiency challenge, we determine "whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all elements of the offense beyond a reasonable doubt." *Commonwealth v. May*, 887 A.2d 750, 753 (Pa. 2005). "Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." *Commonwealth v. Miller*, 172 A.3d 632, 640 (Pa. Super. 2017). "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the factfinder." *Id.*

\*\*\*

In his first issue, Appellant purports to challenge the sufficiency of the evidence in support of his Retail Theft conviction. A close reading of

Appellant's brief, however, indicates that Appellant, in fact, challenges the trial court's application of a provision in the Retail Theft statute that established a presumption of the intent element of the crime. Appellant's Brief at 12-17.

A person is guilty of Retail Theft if he "takes possession of [or] carries away . . . any merchandise displayed, held, stored or offered for sale by any store . . . with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof[.]" 18 Pa.C.S. § 3929(a)(1).

In Section 3929(c), our legislature established a presumption that a person in possession of concealed unpurchased property intended to commit the offense of Retail Theft. Section 3929(c) provides that

> [a]ny person intentionally concealing unpurchased property . . . shall be *prima facie* presumed to have so concealed such property with the intention of depriving the merchant of the possession, use[,] or benefit of such merchandise . . . within the meaning of subsection (a), and the finding of such unpurchased property concealed, upon the person or among the belongings of such person, shall be *prima facie* evidence of intentional concealment[.]

18 Pa.C.S. § 3929(c). "Such a presumption is a presumption of fact or an inference, and not to be confused with an irrebuttable presumption." *Commonwealth v. Martin*, 446 A.2d 965, 968 (Pa. Super. 1982). Stated another way, a defendant may rebut the Section 3929(c) presumption of his intent to commit Retail Theft.

Appellant contends that because it is now customary for shoppers to bring reuseable shopping bags into stores for use while shopping, the trial court should not have applied the presumption set forth in Section 3929(c)

when determining Appellant's guilt of Retail Theft as it is no longer a reasonable presumption. Appellant's Brief at 12-17. He argues that "concealing unpaid-for merchandise by placing it in a reusable shopping bag no longer creates an inference of an intention to steal as it had in the past." *Id.* at 12. He claims that, had the court not applied the statutory presumption, the remaining evidence, even when viewed in the light most favorable to the Commonwealth, does not show that Appellant passed all points of sale in an attempt to steal merchandise. *Id.* at 15-17.

Notwithstanding Appellant's argument that the presumption set forth in Section 3929(c) is no longer reasonable because shoppers now use reuseable shopping bags, the Section 3929(c) presumption remains the law in Pennsylvania and, absent its recission or amendment, our courts are bound to apply it.

Here, the Commonwealth presented evidence that Appellant placed unpaid-for merchandise in a shopping bag, thus concealing it. This conduct triggered application of the Section 3929(c) presumption. Our review of the notes of testimony indicates that Appellant failed to provide any testimony or other evidence to rebut the presumption. Accordingly, Appellant's claim—that the trial court should not have applied the Section 3929(c) presumption to infer that Appellant intended to intentionally conceal Rite Aid's merchandise with the intent to steal it—fails.

***

In his second issue, Appellant claims that the Commonwealth presented insufficient evidence to sustain a conviction of Robbery. Appellant's Brief at 17-18. In an argument fully reliant on the success of his first claim, Appellant argues that, because Retail Theft is a predicate offense of Robbery, and the Commonwealth presented insufficient evidence to prove he committed Retail Theft, the evidence likewise does not support his conviction of Robbery. **Id.** Having found Appellant's first claim meritless, this claim also fails.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/24/2025