J-S73045-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
SHERRY ELAINE LEE, :
:
Appellant : No. 682 MDA 2014

Appeal from the Judgment of Sentence entered on March 25, 2014
in the Court of Common Pleas of Lycoming County,
Criminal Division, No. CP-41-CR-0000760-2013

BEFORE: BOWES, WECHT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED JANUARY 22, 2015**

Sherry Elaine Lee ("Lee") appeals from the judgment of sentence imposed following her conviction of two counts of retail theft.[1] We affirm.

The trial court set forth the relevant factual background and procedural history in its Opinion, which we incorporate herein by reference. **See** Trial Court Opinion, 8/4/14, at 1-4.

On appeal, Lee raises the following issues for our review:

1. Whether the evidence was sufficient to meet the Commonwealth's burden of proving [Lee] guilty beyond a reasonable doubt for the offense of retail theft – taking merchandise?

2. Whether the evidence was sufficient to meet the Commonwealth's burden of proving [Lee] guilty beyond a reasonable doubt for the offense of retail theft – removal of inventory control tag?

---

[1] **See** 18 Pa.C.S.A. § 3929(a)(1), (5).

3. Whether the [trial] court abused its discretion in imposing a sentence of state incarceration, the minimum of which is two (2) years and the maximum of which is seven (7) years, the minimum sentence of which is outside the guidelines?

Brief for Appellant at 6 (some capitalization omitted).

In her first issue, Lee contends that the evidence was insufficient to prove that she intended to steal the nail kit. *Id*. at 11. Lee points out that she purchased other items in her shopping cart for their full value. *Id*. Lee also asserts that videotape shows that she was playing with her grandchild prior to checkout, and that she notified Trooper James Doane that she forgot to take the nail kit out of her cart and pay for it. *Id*. Lee contends that the concealment was unintentional, and resulted from her playing with her grandchild prior to checkout. *Id*. at 12. For this reason, Lee asserts that the Commonwealth's evidence was insufficient to prove the element of intent. *Id*.

Here, the trial court set forth the relevant law, addressed Lee's first claim, and determined that it lacks merit. *See* Trial Court Opinion, 8/4/14, 4-5. We agree with the reasoning of the trial court and affirm on this basis as to this issue. *See id*.

In her second issue, Lee contends that the evidence was insufficient to establish that she destroyed the inventory control tag. Brief for Appellant at 13. Lee points out that the Commonwealth presented the testimony of Kelly Hooker and Jamie Wagner ("Wagner"), who both testified that they had

observed Lee manipulating the package while in the electronics aisle, and that Wagner picked up an inventory control tag in the aisle where Lee allegedly had removed the tag. *Id*. However, Lee asserts, the Commonwealth failed to produce the inventory control tag that she allegedly had removed. *Id*.

Lee failed to raise this issue in her Concise Statement of Matters Complained of on Appeal. *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) (stating that if an appellant is directed to file a concise statement of matters to be raised on appeal pursuant to Pa.R.A.P. 1925(b), any issues not raised in that statement are waived). Accordingly, Lee failed to preserve this issue for our review. *See id*.

In her third issue, Lee contends that the sentence imposed is excessive. Brief for Appellant at 14. Lee asserts that her offenses are based on her mental health issues. *Id*. at 15. Lee acknowledges that the trial court included language in the sentencing Order requesting the Department of Corrections to perform a mental health assessment of Lee, but claims that the trial court also noted that it would not reduce the sentence because of her mental health issues. *Id*. Lee claims that the trial court erred by sentencing her without considering her mental health issues and factoring them into her sentence. *Id*.

Lee's claim challenges the discretionary aspects of her sentence. "Challenges to the discretionary aspects of sentencing do not entitle an

appellant to review as of right." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [***see***] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [***see***] 42 Pa.C.S.A. § 9781(b).

***Moury***, 992 A.2d at 170 (citation omitted).

Here, Lee failed to preserve this issue by raising it at sentencing or in a post-sentence motion. ***See Commonwealth v. Kennedy***, 868 A.2d 582, 593 (Pa. Super. 2005) (declining to address the merits of the appellant's challenges to the discretionary aspects of his sentence where such challenges were not specifically preserved in his motion to modify sentence);

*see also Moury*, 992 A.2d at 170.  Thus, we cannot address this claim.[2]

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/22/2015

---

[2] Moreover, we observe that Lee's Pa.R.A.P. 2119(f) Statement is inconsistent with her Pa.R.A.P. 1925(b) Concise Statement.  Whereas in her Pa.R.A.P. 1925(b) Concise Statement, Lee baldly asserted that her "sentence is excessive to perform the duties that sentences are designed to perform," *see* Pa.R.A.P. 1925(b) Concise Statement at 1, in her Rule 2119(f) Statement, Lee asserts that the sentence imposed "is in direct conflict with applicable statutes and case law," *see* Brief for Appellant at 9.  We further observe that, in her Rule 2119(f) Statement, Lee does not set forth the specific provision of the Sentencing Code or the fundamental norm underlying the sentencing process that the trial court allegedly violated in imposing the sentence.  *See* Brief for Appellant at 9.  Finally, we observe that Lee's argument on appeal does not support either of these claims but, rather, pertains to yet a different claim (*i.e.*, that the trial court failed to consider her mental health issues when imposing sentence).  *See* Brief for Appellant at 15.  Thus, even if Lee's excessiveness claim, as raised in her Pa.R.A.P. 1925(b) Concise Statement, had been properly preserved, we would have deemed it to be waived because she failed to raise it in her Rule 2119(f) Statement.

Circulated 12/18/2014 08:42 PM

IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | CR-760-2013 |
| | : | |
| v. | : | |
| | : | **CRIMINAL DIVISION** |
| SHERRY E. LEE, | : | |
| Defendant | : | 1925(a) Opinion |

### OPINION IN SUPPORT OF ORDER IN COMPLIANCE WITH RULE 1925(a) OF THE RULES OF APPELLATE PROCEDURE

## I. Background

On September 24, 2012, Sherry Lee (Defendant) entered the K-Mart store at the Loyal Plaza, Williamsport, Lycoming County. Kelly Hooker (Hooker), a K-Mart loss prevention associate who was on video surveillance, first observed the Defendant by the perfume display. Hooker saw that there was an unzipped purse and a young child in the seat of the Defendant's shopping cart. Hooker testified that she watched the Defendant place two boxes of perfume in the seat of the cart. Hooker then told Jamie Wagner (Wagner), another loss prevention associate, to begin surveilling the Defendant on the store floor. Hooker watched the Defendant turn the cart, and for a period of time, Hooker could no longer see the cart on video surveillance. Wagner testified that when he got to the Defendant, he did not see perfume boxes in her cart.

The Defendant continued to move around the store, so Hooker was once again able to see the Defendant's cart. Hooker testified that she watched the Defendant pick up a box of artificial nails and then go to the electronics department where the Defendant pulled the security strip off the box. Hooker testified that she then watched the Defendant put the box of nails under her purse, which was still in the seat of the cart. Wagner testified that through a surveillance mirror, it appeared that the Defendant placed a package under her purse.

Next, Hooker watched the Defendant go towards the front of the store. Hooker testified that on her way to the front, the Defendant picked up a jewelry box. Hooker testified that she

watched the Defendant put the box in her cart's seat and then rip plastic ties out of the box. Hooker testified that the Defendant put the box on a shelf in the cosmetics aisle and then put her hand in her pocket. Hooker then watched the Defendant go to checkout.

At this point, Hooker stopped watching the Defendant on video surveillance and went to the checkout area. Hooker found the Defendant in line and got behind her. Hooker testified that she could not see the Defendant's pocket, but she could see the box of nails under the Defendant's purse. The Defendant paid for some items, but Hooker testified that she made no attempt to pay for the nails or jewelry. The Defendant then pushed her cart out of the door and onto the store's front sidewalk. At this time, Hooker and Wagner approached the Defendant.

Hooker and Wagner told the Defendant that they were store security. They asked her to go back inside the store because she had unpaid items. The Defendant responded, "No, we don't have to do this in front of my grandchild" or "Do we have to do this in front of my granddaughter?" Hooker and Wagner then asked her to go back inside the store where it was private. The Defendant then lifted her purse and said, "Here take your sh--." She picked up the child and went into parking lot. The Defendant left the items that she paid for in her cart. Both Hooker and Wagner testified that after the Defendant picked up her purse, they saw the box of nails in the cart's seat.

During his surveillance, Wagner did not see the Defendant discard any perfume items. In addition, Wagner did not see the Defendant put anything that was in her cart back on a shelf. Wagner also did not see any jewelry in the Defendant's pocket.

Hooker did not go back through the store to look for security strips from the perfume boxes. In addition, Hooker did not look in the electronics department for the security strip from the box of nails, but Wagner testified that he knew the strip was recovered. Hooker found the jewelry box on a shelf in the cosmetics aisle and testified that there was no jewelry in it. Hooker

2

did not look for plastic ties from the jewelry box, but Wagner testified that he knew plastic ties for jewelry were found on the floor.

Later that same day, Pennsylvania State Police Trooper James Doane (Doane) went to the Defendant's residence. The Defendant told Doane that she was upset that K-Mart security stopped her. She told Doane that she considered taking a pair of sneakers from K-Mart but did not take them. The Defendant also told Doane that she forgot the artificial nails were in the cart. She said the jewelry box was empty when she picked it up.

The Defendant was charged with Retail Theft (taking the artificial nails),[1] Retail Theft (removing security strip),[2] and Criminal Trespass.[3] The Defendant was not charged with retail theft regarding perfume or jewelry. On January 16, 2014, a jury found the Defendant guilty of the two counts of Retail Theft and not guilty of Criminal Trespass. On March 25, 2014, this Court sentenced the Defendant to a minimum of two years and a maximum of seven years in a state correctional institution.

On March 25, 2014, the Defendant filed a Notice of Appeal with this Court. On May 16, 2014, this Court directed the Defendant to file a concise statement of matters complained of on appeal. On July 28, 2014, this Court obtained the concise statement. In the concise statement, the Defendant argues that the evidence is insufficient to prove the Defendant was guilty of Retail Theft, as the Commonwealth failed to present sufficient evidence that the Defendant intended to take the artificial nails without paying for them. In addition, the Defendant argues that this Court

---

[1] 18 Pa. C.S. § 3929(a)(1). "A person is guilty of a retail theft if he takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof . . . ." 18 Pa. C.S. § 3929(a)(1). The Defendant had at least two prior convictions for retail theft. Therefore, the offense was a felony of the third degree. 18 Pa. C.S. § 3929(b)(1)(iv).
[2] 18 Pa. C.S. § 3929(a)(5).
[3] 18 Pa. C.S. § 3503(b)(1)(i).

3

abused its discretion in sentencing the Defendant to an aggravated range sentence, as the sentence is excessive.

## II. Discussion

## A. The Evidence was Sufficient for the Jury to Find Beyond a Reasonable Doubt that the Defendant Intended to Deprive the Store of Merchandise Without Paying for It.

Evidence is sufficient if the evidence "when viewed in the light most favorable to the Commonwealth as verdict winner, is adequate to enable a reasonable jury to find every element of the crime beyond a reasonable doubt." Commonwealth v. Markman, 916 A.2d 586, 597 (Pa. 2007).

"Any person intentionally concealing unpurchased property of any store . . . either on the premises or outside the premises of such store, shall be prima facie presumed to have so concealed such property with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof . . . and the finding of such unpurchased property concealed, upon the person or among the belongings of such person, shall be prima facie evidence of intentional concealment . . . ." 18 Pa. C.S. § 3929(c); *see also* Commonwealth v. Martin, 446 A.2d 965 (Pa. Super. 1982) (discussing statutory presumption).

Here, the Commonwealth presented evidence that the Defendant concealed the box of artificial nails. Hooker testified that she watched the Defendant put the box under her purse. Hooker's testimony was supported by Wagner, who testified that through a surveillance mirror, he observed what he thought was the Defendant putting a package under her purse. Additionally, Hooker testified that in the checkout line, she could see the box under the Defendant's purse. Hooker's ability to see the box does not weaken the evidence of concealment because from the video surveillance, Hooker knew to look at a specific area; the box would have still been concealed from a person who did not have Hooker's knowledge. Finally, Hooker and

4

Wagner were able to fully see the box after the Defendant removed her purse from the cart seat. The evidence of concealment supports the jury's conclusion that the Defendant did not intend to pay for the item.

The Defendant's statements and the Defendant's quick exit from K-Mart's property is additional evidence of the Defendant's intent to deprive K-Mart of the artificial nails without paying for them. The Defendant's first statement to Hooker and Wagner was that she did not want to talk with them in front of the child. After Hooker and Wagner asked her to go back inside the store, the Defendant said, "Here, take your sh--." She then left. The Defendant's behavior exhibited a consciousness of guilt. A person who is unaware that he or she has an unpaid item would not respond that way.

## B. This Court did not Abuse Its Discretion in Sentencing the Defendant

When sentencing a defendant, "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa. C.S. § 9721(b). "At least two factors are crucial to such determination – the particular circumstances of the offense and the character of the defendant." Commonwealth v. Martin, 351 A.2d 650, 658 (Pa. 1976). A trial court must "state, on the record, the reasons for the sentence imposed." Commonwealth v. Riggins, 377 A.2d 140, 149 (Pa. 1977).

This Court considered the protection of the public in the reference to the Defendant's history of retail theft. During the sentencing hearing, this Court stated, "I don't know what it is going to take to get you to understand that you can't continue to engage in this kind of behavior." N.T., March 25, 2014, p. 8. This Court also considered the impact of the offense on the victim and the community. This Court noted that there is a victim in Retail Theft. Id. at 4. This Court

5

also referenced the large amount of community resources that have been expended in supervising the Defendant, who has been in therapy for drug abuse and on probation and parole. Id. at 3 and 4. This Court stated:

> I'm just looking at this little bit of supervision history that I received, and all of the violations that you had when you were on supervision. . . . But just prohibitive offensive weapon, written warning; positive urine, written warning; obtain treatment evaluation. They increase your reporting requirements, but there was a problem with that for which you received a written warning; positive urine, written warning.

Id. at 7.

Finally, this Court considered the rehabilitative needs of the Defendant. As mentioned above, this Court noted the Defendant's unresponsiveness to supervision. This Court stated:

> [I]f anybody from their behavior expresses the idea that they don't get it and they have no desire to get, that's what this looks like to me . . . . I don't see a person who realizes they have a problem and needs to do something about it. It's same old same old.

Id. at 8. In addition, this Court ordered that the Defendant be evaluated for mental health issues, assessed for drug and alcohol issues, and placed in a therapeutic community if necessary. Id. at 9. Because this Court considered the factors in 42 Pa. C.S. § 9721(b), this Court did not abuse its discretion in sentencing the Defendant.

6

## III. Conclusion

The evidence was sufficient to enable the jury to find beyond a reasonable doubt that the Defendant intended to deprive K-Mart of merchandise without paying for it. Moreover, this Court did not abuse its discretion as the Court considered the relevant sentencing factors in fashioning its sentence.

DATE: 8/1/2014

By the Court,

Nancy L. Butts, President Judge

xc: Robert Cronin, Esq.
DA

7