J-S81012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BENJAMIN ALEXANDER WAGNER | |
| Appellant | No. 1121 MDA 2018 |

Appeal from the Judgment of Sentence Entered May 30, 2018
In the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-CR-0002269-2017

BEFORE:  STABILE, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:               **FILED MARCH 22, 2019**

Appellant Benjamin Alexander Wagner appeals from the May 30, 2018 judgment of sentence entered in the Court of Common Pleas of Berks County ("trial court"), following his jury conviction for retail theft under Section 3929(a)(1) of the Crimes Code, 18 Pa.C.S.A. § 3929(a)(1).  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  Briefly, on March 31, 2017, Officer Charles N. Miller, III, Spring Township Police Department, charged Appellant with, *inter alia*, retail theft, accusing him of stealing a pair of black Adidas CloudFoam Revival Sneakers, valued at $85.00, from Kohl's department store in Wyomissing, Pennsylvania.  On April 11, 2018, the case proceeded to trial, following which a jury found Appellant guilty

_____

[*] Former Justice specially assigned to the Superior Court.

of retail theft of merchandise of some value less than $150.00. On May 30, 2018, the trial court sentenced Appellant to eighteen to thirty-six months' imprisonment followed by four years' probation. On June 8, 2018, Appellant filed post-sentence motions, asserting, among other things, that the verdict was against the weight of the evidence. On June 12, 2018, the trial court denied Appellant's motion. Appellant timely to appealed to this Court. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises two issues for our review.

> I. Did the trial court err in denying the post-sentence motion given that there was insufficient evidence to find [Appellant] guilty of retail theft in light of the fact that the Commonwealth witnesses who testified did not prove that there was concealment and the video does not show a concealment?
>
> II. Did the trial court err in denying the post-sentence motion given that the verdict was against the weight of the evidence in light of the fact that the Commonwealth witnesses who testified did not prove that there was concealment and the video does not show a concealment?

Appellant's Brief at 5 (unnecessary capitalization omitted).

We first address Appellant's argument that the evidence was insufficient to sustain his conviction for retail theft because the Commonwealth failed to establish concealment. Appellant's Brief at 11. In support, Appellant argues that the Commonwealth's witness, Jared Martin, "never actually observed Appellant conceal the shoes and never observed Appellant leave the store with the shoes." *Id.* at 12.

A claim challenging the sufficiency of the evidence is a question of law." ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000).

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of **wholly circumstantial evidence**. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Antidormi**, 84 A.3d 736, 756 (Pa. Super. 2014) (emphasis added), **appeal denied**, 95 A.3d 275 (Pa. 2014).

Section 3929 of the Crimes Code, relating to retail theft, provides in pertinent part:

**(a) Offense defined.--**A person is guilty of a retail theft if he:

(1) takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof[.]

. . . .

**(c) Presumptions.**--Any person intentionally concealing unpurchased property of any store or other mercantile establishment, either on the premises or outside the premises of such store, shall be prima facie presumed to have so concealed such property with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof within the meaning of subsection (a), and the finding of such unpurchased property concealed, upon the person or among the belongings of such person, shall be prima facie evidence of intentional concealment, and, if such person

conceals, or causes to be concealed, such unpurchased property, upon the person or among the belongings of another, such fact shall also be prima facie evidence of intentional concealment on the part of the person so concealing such property.

18 Pa.C.S.A. § 3929(a)(1), (c); *see Commonwealth v. Martin*, 446 A.2d 965, 968 (Pa. Super. 1982) ("If a person conceals merchandise either in a store or outside of it, without first having paid for it, it reasonably follows that he intends to deprive the merchant of the item(s).").

To the extent Appellant argues that Section 3929(c) requires the Commonwealth to prove concealment as an element of retail theft, such argument lacks merit. First, as the trial court and the Commonwealth point out, Section 3929(c)'s presumption is not an element of retail theft under Section 3929(a). This Court has stated that "intent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances." *Commonwealth v. Franklin*, 69 A.3d 719, 723 (Pa. Super. 2013). Second, as the Commonwealth astutely notes, Appellant "offers no precedential support for his claim that the presumption found in [Section] 3929(c) operates as an additional element to the offense of retail theft defined under [Section] 3929(a)(1)." Commonwealth's Brief at 8. Indeed, no such support exists. Finally, our review of the record indicates that the Commonwealth did not rely on the Section 3929(c) presumption in prosecuting Appellant for retail theft. Rather, the Commonwealth proved through circumstantial evidence that Appellant possessed the requite intent

to deprive Kohl's of the Adidas sneakers. The Commonwealth offered the testimony of Mr. Martin at trial. As recounted by the trial court:

> Jared Martin, who was working as a loss prevention supervisor for Kohl's Department Store on January 30, 2017, testified that on that day he was monitoring the store for unusual activity. Mr. Martin grew suspicious of Appellant because [Appellant] was wearing a baggy jacket. Due to his suspicion, Mr. Martin returned to his office and began to observe Appellant with the store's surveillance system. Mr. Martin saw Appellant go to the shoe department, remove a pair of sneakers from a box, and then put the box back onto the shelf. Mr. Martin subsequently walked to the shoe department, opened the box, and confirmed that it was empty.
>
> Mr. Martin then followed Appellant, who had passed all points of sale, outside the store, identified himself as a loss prevention officer, and asked Appellant to come back into the store. Mr. Martin told Appellant that if he did not come back into the store, he would be forced to call the police. As soon as Mr. Martin dialed 911, Appellant ran away in the direction of a shopping center located on Peppermill Road in Wyomissing, Pennsylvania.
>
> Mr. Martin testified that he then wrote a report about the incident that was introduced into evidence[.] . . . Mr. Martin also testified that the merchandise that was stolen was a pair of Adidas Neoblack/White Cloudfoam Revival Mid Size 10 shoes that had a retail value of eighty-five dollars. Finally, Mr. Martin testified that he burnt a copy of the surveillance video to a CD, which was admitted into evidence[.]

Trial Court Opinion, 10/3/18, at 3-4 (record citations omitted).

Based on the foregoing evidence presented at trial, viewed in the light most favorable to the Commonwealth, we agree with the trial court's conclusion that the Commonwealth proved the necessary elements of retail theft. Thus, as the trial court explained: "Mr. Martin's testimony, taken alone, provided sufficient circumstantial evidence to support Appellant's conviction. The fact the jury was also was able to view a video of the incident only served

to bolster his testimony." *Id.* at 4. Accordingly, Appellant's sufficiency claim fails.

We next address Appellant's contention that the verdict was against the weight of the evidence. As this Court has explained:

> On this issue, our role is not to consider the underlying question of whether the verdict was against the weight of the evidence. Rather, we are to decide if the trial court palpably abused its discretion when ruling on the weight claim. When doing so, we keep in mind that the initial determination regarding the weight of the evidence was for the factfinder. The factfinder was free to believe all, some or none of the evidence. Additionally, a court must not reverse a verdict based on a weight claim unless that verdict was so contrary to the evidence as to shock one's sense of justice.

*Commonwealth v. Habay*, 934 A.2d 732, 736-37 (Pa. Super. 2007) (internal citations omitted), *appeal denied*, 954 A.2d 575 (Pa. 2008). "[A] trial court's denial of a post-sentence motion 'based on a weight of the evidence claim is the least assailable of its rulings.'" *Commonwealth v. Sanders*, 42 A.3d 325, 331 (Pa. Super. 2012) (quoting *Commonwealth v. Diggs*, 949 A.2d 873, 880 (Pa. 2008)).

Appellant argues that the "the testimony of Officer Miller shows that the weight of the evidence is heavily in favor of Appellant as the shoes recovered from Appellant's residence by the police pursuant to a search warrant were size 13 and yet the shoes that were allegedly stolen by Appellant were size 10." Appellant's Brief at 14. Appellant claims that "the size of the shoes is critical as Mr. Martin generated a report which seems to indicate that the empty box was for "Adidas Neoblack/White CouldFoam Revival Mid Size 10." *Id.* (emphasis omitted).

It is within the province of the jury to make credibility determinations and this Court will not reweigh credibility determinations on appeal. "Conflicts in the evidence and contradictions in the testimony of any witnesses are for the fact finder to resolve." **Sanders**, 42 A.3d at 331 (citing **Commonwealth v. Tharp**, 830 A.2d 519, 528 (Pa. 2003)). "A jury decision to credit certain evidence and reject other testimony is appropriate; therefore, the trial court did not abuse its discretion in concluding that its sense of justice was not shocked by the verdict." **Id.**

Here, based upon our review of the record, as detailed above in connection with Appellant's sufficiency claim, we find no abuse of discretion on the part of the trial court for concluding its sense of justice was not shocked by the verdict. In particular, our review of the trial transcript reveals that the defense called as its witness, Officer Miller, who only testified that, pursuant to a search warrant, he located a pair of size 13 shoes, "roughly 11 months" after the theft. N.T. Trial, 4/11/18, 85-86. No evidence was elicited at trial to establish whether the discovery of the size 13 shoes in any was related to the theft at issue.[1] Thus, Appellant invites us to presume that because the search warranted resulted in the discovery of size 13 shoes, he could not have stolen the size 10 Adidas sneakers. We decline the invitation. As the trial court noted, "the jury heard testimony from Mr. Martin and also viewed a

---

[1] Section 3929(c.1) provides that "[t]o the extent that there is other competent evidence to substantiate the offense, the conviction shall not be avoided because the prosecution cannot produce the stolen merchandise." 18 Pa.C.S.A. § 3929(c.1).

video of Appellant committing retail theft." Trial Court Opinion, 10/3/18, at

6. Accordingly, Appellant's second and final issue, therefore, fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/2019